## BIRDWELL v. PACÍFIC FINANCE CORP.
### No. 14643.

Court of Civil Appeals of Texas. Dallas.
June 26, 1953.

Piranio & Paranio, Robert C. Fults, Dallas, for appellant.

Irion, Cain, Bergman & Hickerson, Richard H. Cocke, Dallas, for appellee.

YOUNG, Justice.

The suit in trial court was for debt and foreclosure of chattel mortgage lien on a 1950 Mercury automobile; mortgagor Birdwell interposing several defenses. On trial

to the court and judgment for appellee as prayed, this appeal is taken.

Original purchase of the car was from Sewell Motor Company, Dallas, on May 12, 1950, Birdwell trading in his 1942 Plymouth; the conditional sales contract (mortgage) requiring him to pay certain monthly installments until May 15, 1951, when the balance of $1,332.14 became due. Said mortgage contract was promptly assigned to appellee finance company for value; the parties hereto on May 15, 1951 executing an extension agreement for payment of above mentioned indebtedness by monthly installments. In connection with the transaction, a Texas Certificate of Title No. 7276539 was delivered to appellee showing initial lien of $1,937.14. The present suit alleging default in monthly payments was filed May 29, 1952, with judgment herein upon trial of $963.18, interest, $250 attorney fees, along with order of foreclosure and sale.

Points upon which appeal is predicated will be stated in substance: Error of court (1) in failing to file findings of fact and conclusions of law within time required by Rule 296, Texas Rules of Civil Procedure; (2) in decreeing foreclosure when appellee had no valid lien; (3) in admitting other than the best evidence in establishing the balance of debt due by Birdwell; (4) in finding that a release of lien executed by the finance company was not supported by a valid consideration.

■ Pursuant to Rule 296, Texas Civil Procedure, and contemporaneous with the adverse judgment rendered, appellant had made written request for findings of fact and conclusions of law, which was by the court granted. Rule 297 in such connection reads: "When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification." The judgment here was dated July 23, 1952, the 60-day period for filing of transcript in Court of Civil Appeals expiring September 21. Judge Bush did not file his findings and conclusions within the first 30-day period as contemplated by Rule 297; appellant complaining of such failure on August 27 by filing of written notice, as he says, "with the trial court's deputy clerk." Endorsed on such document is the following: "Called to my attention this 18 day of September A. D. 1952. Paine L. Bush, Judge." The wording of Rule 297 to "call the omission to the attention of the judge," requires in our opinion actual notice had by the trial court of the matter dealt with in the quoted rule; "attention" under Webster's New International Dictionary being defined as "a focusing of conscious activity upon anything; * * * the act or fact of bringing something into clear awareness; * * *." Rule 297 is a continuation of old Art. 2247, R.S.1925, unchanged. In Ross v. Odom, Tex.Civ.App., 88 S.W.2d 1053, the Austin Court, through Chief Justice McLendon, similarly construed the identical wording of such prior statute in the following statement: "There is nothing in the record to indicate that either of these requests for conclusions was ever called to the attention of the trial judge. *The mere filing of a request with the clerk does not satisfy the statute.* To be effective, the request must be called to the attention of the judge." (Italics ours.) Appellant is therefore in no position to claim an infraction of the Rule to his prejudice in view of the situation thus presented; the court having forthwith and on the following day filed findings and conclusions on all issues raised by the facts in this record. Aforesaid "omission," if such it be, is further neutralized by the presence here of a full, true, and complete statement of all the facts adduced on the trial.

■ Bearing on appellant's second point that appellee had no valid lien on the car under Art. 1436–1, Vernon's Texas Penal Code, and Certificate of Title Act, are the following facts: On December 21, 1951

(and while plaintiff was holding defendant's certificate of title No. 7276539 reciting its first lien), Birdwell borrowed from Pacific Finance Loan Company, another concern, the sum of $144, presumably securing same by a *second* lien on the same property. This smaller loan was paid off in February 1952; a Wendell Johnson, agent of Pacific Finance Corporation, in the meanwhile having passed an executed release of the principal lien to said second mortgage holder. And when the car owner paid the $144 debt he was issued title No. 10388496 on May 16, 1952, showing no liens. Secs. 42 and 44 of Art. 1436–1, Penal Code, declaring unenforceability of liens on motor vehicles, are with reference to *third parties.* Such a lien is good as between vendor and vendee in the initial mortgage transaction, even though not noted on the certificate of title. Commercial Credit Co. v. American Mfg. Co., Tex.Civ.App., 155 S.W.2d 834; Clynch v. Bowers, Tex.Civ.App., 164 S.W. 2d 768; Sorenson v. Dawdy, Tex.Civ.App., 196 S.W.2d 687.

Appellee's office manager testified that nothing was paid by defendant for this prima facie release of the principal debt; defendant admitting on the trial to owing a balance thereon, but without knowledge of the amount. Obviously, as the trial court has found, the release was entirely without consideration. Nor was the balance due on appellant's indebtedness arrived at by other than the best evidence; Mr. Mackay testifying to the amount of judgment—$963.81— from a record card of the entire transaction, of which he was the custodian; stating that such record was kept under his direction and correctly represented the balance due.

All points of error, upon careful consideration, are deemed without merit, with affirmance of judgment in consequence.

Affirmed.