**James M. MOORE, Petitioner,**

v.

**Henry J. MAULDIN, Respondent.**

**No. B–674.**

Supreme Court of Texas.

Feb. 28, 1968.

Kenley, Boyland & Hawthorn, Longview, Gallagher, Wilson, Berry & Jorgenson, Bob Roberts, Dallas, for petitioner.

Ramey, Brelsford, Flock & Devereux, Donald Carroll and Michael A. Hatchell, Tyler, R. L. Whitehead, Longview, for respondent.

PER CURIAM.

This is a suit for personal injuries arising from a collision of three automobiles. James M. Moore, plaintiff-petitioner, sued Henry J. Mauldin and Donald W. McCollum. Each defendant filed a cross-action against the other and a counter-claim against the plaintiff. Mauldin's counter-claim was withdrawn by settlement between the parties. In the trial court, the jury found all three drivers negligent in the operation of their respective vehicles. Consequently, a take nothing judgment was

rendered by the trial court on the claim of each party. On appeal the court of civil appeals affirmed the judgment. 421 S.W.2d 699.

The court of civil appeals initially concluded that Moore, plaintiff-petitioner, had waived all of his points of error for failure to "present" his amended motion for new trial to the trial judge. The provisions of Rule 329b, § 4, Texas Rules of Civil Procedure, relevant to this case state:

"4. It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within thirty (30) days after the same is filed * * *. *In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, and the judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date.*" (Emphasis added.)

The court of civil appeals held that points of error raised in an original or amended motion for new trial are waived unless they are actually presented to the trial judge. We expressly disapprove of the intermediate court's construction of Rule 329b, § 4. The court of civil appeals has ignored the emphasized portion of Rule 329b, § 4 that provides for overruling a motion for new trial by operation of law. In University of Texas v. Morris, 163 Tex. 130, 352 S.W.2d 947, 949 (1962), we construed the term "present the same to the court" to mean that a formal presentation and hearing are not required. We said:

"In our opinion the proper meaning of the word 'present' as used in Rule 329b is no more than that the movant must call the motion to the court's attention and ask for a ruling upon the same or face

the possibility that the court will not act and allow the motion to be overruled by operation of law. As to whether the court will hear the movant on his motion is a matter within the discretion of the trial court when it presents solely a question of law. * * *"

Thus, the court of civil appeals was incorrect in its interpretation of Rule 329b, § 4. The intermediate court, however, apparently did not consider that holding determinative of the controversy. The remainder of the opinion discussed and ruled upon each point of error and the merits of the case. The petitioner has not properly preserved points of error for review by this court attacking the holdings of the court of civil appeals on the merits. Accordingly, the application for writ of error is refused, no reversible error.