**James T. BERRY, Appellant,**

v.

**Linda Irene BERRY, Appellee.**

No. 05–88–00796–CV.

Court of Appeals of Texas, Dallas.

April 27, 1989.

James T. Berry, Dallas, pro se.

Roy E. Delay, III, Dallas, James M. Morrison, Mesquite, for appellee.

Before STEWART, ROWE and OVARD, JJ.

ROWE, Justice.

Appellee, Linda I. Berry, sued appellant, James T. Berry, for divorce, custody of their child, and child support. The trial court granted the divorce, awarded custody to Linda, and ordered James to pay $800.00 per month child support. In his fourth point of error, James complains that the trial court erred in failing to make findings of fact and conclusions of law. For the reasons discussed below, we sustain this point of error and abate this appeal with directions that the trial judge enter her findings and conclusions.

## Background

On March 7, 1988, the trial court entered a final decree of divorce which in part ordered James to pay $800.00 per month child support. On March 17, 1988, within ten days of the entry of judgment, the trial judge acknowledged receiving James's request for findings of fact and conclusions of law. On April 11, 1988, the thirty-fifth day after entry of judgment, James filed with the district clerk a notice calling to the trial court's attention its failure to file its findings. The record is silent as to when this notice was presented to the trial judge. The trial court has never filed any findings of fact or conclusions of law.

In his fourth point of error, James contends that the trial court erred in failing to make findings of fact and conclusions of law after he had timely requested them. He urges this Court to abate this appeal and direct the trial court to correct its error. *See* TEX.R.APP.P. 81(a). In reply, Linda argues that James failed to properly call the omission to the attention of the trial judge. While acknowledging that James timely filed a notice of the omission with the district clerk, Linda claims that James failed to present such notice to the trial judge. Thus, she maintains that James is not entitled to complain about the trial court's failure. We disagree.

## Analysis

Texas Rules of Civil Procedure 296 and 297 impose a mandatory duty on the trial court to file findings of fact and conclusions of law within thirty days of the date of judgment at the request of either party. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989). If the trial judge fails to file them within the time allotted, the party who made the request must call the omission to the attention of the judge by written notice within five days after the thirty day period has expired. TEX.R.CIV.P. 297. Once this is done, the trial judge has five more days within which to comply. *Id.* In interpreting this rule, this Court has held that when the record reveals that the reminder notice was not called to the judge's attention within the five day period, merely filing the reminder with the clerk does not satisfy the rule. *Birdwell v. Pacific Fin. Corp.*, 259 S.W.2d 957, 958 (Tex.Civ.App.—Dallas 1953, no writ). In *Birdwell*, the record showed that although the reminder notice was filed with

the clerk within the five day period, the notice also contained an indorsement by the trial judge indicating that it was not called to his attention until three weeks later. *Id.* at 958. Under those facts, we concluded that appellant was in no position to claim that the trial court violated the rule to his prejudice. *Id.*

In this case, however, there is nothing in the record to indicate that the reminder notice was not presented to the trial judge on the date it was filed. Under an almost identical record, the Corpus Christi court of appeals has treated a timely "filed" reminder notice as satisfying the requirements of Rule 297. *Anzaldua v. Anzaldua,* 742 S.W.2d 782, 783 (Tex.App.—Corpus Christi 1987, writ denied). This interpretation comports with the purpose of the reminder notice—to eliminate the need for a bill of exceptions by generating a document to be included in the transcript on appeal which confirms the party's continuing interest in securing findings. *See Cherne,* 763 S.W.2d at 771.

■ We hold, therefore, that in the absence of some evidence to the contrary, the filing of a reminder notice with the clerk creates a presumption that such notice was called to the attention of the trial judge on the date of filing. Consequently, the trial court erred by failing to make appropriate findings of fact and conclusions of law. We sustain James's fourth point of error.

■ Since the trial judge continues to serve on the district court, we believe that the above error is remediable. *See* TEX.R. APP.P. 81(a). The proper remedy, therefore, is to abate the appeal and to direct the trial court to correct its error. *See Cherne,* 763 S.W.2d at 773. Because James complains only of child support matters, however, findings and conclusions on the issue of child support are the only ones required. Accordingly, we abate this appeal and direct the trial judge to enter her findings of fact and conclusions of law with respect to the issue of child support.