**Mildred CECIL, Appellant,**

v.

**Charles Madison SMITH, Appellee.**

**No. 12–89–00044–CV.**

Court of Appeals of Texas, Tyler.

April 16, 1990.

Rehearing Overruled June 18, 1990.

M. Keith Dollahite, Potter, Guinn, Minton, Roberts & Davis, P.C., Tyler, Michael G. George, Bateman & George, Athens, for appellant.

James A. Attaway, Jr., Quitman, for appellee.

COLLEY, Justice.

In this case, plaintiff/appellant Mildred Cecil (hereinafter Cecil) seeks to set aside a warranty deed that was allegedly delivered by her mother, Martha L. Wisdom (hereinafter called Decedent), to her brother, defendant/appellee Charles Madison Smith (hereinafter Smith). Smith, as independent executor of the estate of Decedent, seeks to recover possession for the estate of funds alleged to be wrongfully held by Cecil.

It is appropriate to explain for the reader the procedural posture of this case.

Decedent died testate on May 7, 1985. Her will, admitted to probate and record by the constitutional County Court of Henderson County, named Smith as independent executor. By that will, Decedent left her entire estate to Smith and Cecil in equal shares. On February 25, 1988, Smith filed an application in that court to recover from Cecil possession of the proceeds of a certificate of deposit in the amount of $43,094.24, alleged to belong to the estate. Af-

ter Smith filed that application, the probate cause was transferred from the County Court to the County Court at Law of Henderson County.

On June 6, 1988, Cecil, and other parties plaintiff, filed a suit in the 173rd Judicial District Court of Henderson County against Smith. By her first amended original petition,[1] Cecil, the sole plaintiff in the District Court, sought to remove Smith as independent executor of the Decedent's estate and to set aside a deed executed by the Decedent dated April 25, 1972, in favor of Smith as grantee on the ground that the deed was acquired by undue influence and coercion on the part of Smith. On September 22, 1988, the District Court transferred that cause to the County Court at Law. Cecil then filed a trial amendment alleging that the deed from the Decedent to Smith was never delivered.

The case was submitted to a jury upon four fact questions. Questions 3 and 4 and the accompanying instructions and answers thereto are as follows, to wit:

*Question No. 3*

Do you find from a preponderance of the evidence that the deed dated April 25, 1972 was delivered from Martha L. Wisdom to Charles Madison Smith prior to her death.

*Instruction:* You are instructed that "Delivery" means the deed must be placed within the control of the Grantee (Charles Madison Smith) and with the intention that it become operative as a conveyance. Actual manual delivery is not necessary. No particular form of words or action is necessary to accomplish delivery. Any act or declaration of the Grantor (Martha L. Wisdom) showing an intention to give effect to an executed conveyance is sufficient. Every case must depend on its own circumstances and the relations of the parties. There must be an intention to deliver and acts sufficient to show a constructive delivery.

Answer: "It was delivered" or "It was not delivered"

Answer: It was delivered.

*Question No. 4*

Who do you find from a preponderance of the evidence, if anyone, to be the owner or owners of the Certificate of Deposit formerly Account No. 9002251–27–3 at Dallas Federal Savings & Loan Association, Athens, Texas, and currently Account No. 462058–27–3 at Bright Banc, Athens, Texas?

Answer: "Estate of Martha L. Wisdom" or Mildred Cecil"

Answer: Estate of Martha L. Wisdom

Based on these findings, the court signed a judgment in favor of Smith declaring, inter alia, that the April 25, 1972, deed from Decedent to Smith was delivered to Smith prior to the date of the death of the Decedent, and "is ... a valid deed; that the Estate of [Decedent] is the owner of the Certificate of Deposit ... Account No. 462058–27–3 at Bright Bank, [Bright Banc Savings] Athens, Texas."

Cecil filed an amended motion for new trial on November 17, 1988. She alleged, inter alia, that the court erred in (1) refusing to give her requested definition of "delivery" and (2) in refusing to submit her requested Question No. 9. She further alleged that the refusal of the jury to find that Decedent *did not* deliver the deed to Smith "was contrary to the overwhelming weight and preponderance of the evidence[;]" that "[t]here was insufficient evidence to support the jury's finding that the Certificate of Deposit at Bright Banc Savings and Loan Association, Athens, Texas was owned by the Estate of [Decedent]...."; that there was no evidence to support the jury's finding that Decedent "delivered the deed ... to ... Smith"; that the evidence conclusively established that Decedent "did not deliver the deed ... to ... Smith"; that the evidence is factually insufficient to support the jury's finding of delivery of the deed; that there is no evidence to support the finding that Decedent owned the certificate of deposit at issue; that the evidence establishes as a matter of law that the certificate of deposit "was owned by ... Cecil"; and that the evidence

1. By this pleading all parties plaintiff except Cecil were eliminated from the suit.

was factually insufficient to support the finding that Decedent's estate owned the certificate of deposit.

Cecil presents eight points of error. By four of these points she claims that the trial court erred in not setting aside the jury's findings that the deed in question was delivered by Decedent to Smith and that the certificate of deposit in dispute was owned by Decedent's estate because (1) there was no evidence to support the findings, or (2) the contrary of each finding was established as a matter of law. Under two of the points of error, Cecil argues that the evidence is factually insufficient to support such findings.

■ It is undisputed that Cecil never directed the trial court's attention to her motion for new trial and that the trial court never ruled on that motion. Hence, procedurally, Cecil's motion for new trial was overruled by operation of law on January 2, 1989, pursuant to Tex.R.Civ.P. 329b(c).[2] Moreover, Cecil did not thereafter present any motion to the court under Rule 329b(e) seeking a new trial or any other relief from the judgment as authorized by that rule.

On this record we conclude that Cecil has not preserved the six points of error (points of error nos. 1, 2, 3, 5, 6 and 7) for appellate review in compliance with Tex.R. App.P. 52(a) which, in part, provides:

> Rule 52. Preservation of Appellate Complaints.
>
> (a) General Rule. In order to preserve a complaint for appellate review, *a party must have presented to the trial court a timely request, objection or motion*, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party *to obtain a ruling upon the party's request, objection or motion....* (Emphasis ours.)

■ The record reveals as well that Cecil neither made objections under Rule 274 to the submission of jury Questions 3 and 4 on "no evidence" grounds, nor filed any motions for instructed verdict under Rule 268, nor to disregard the answers to those questions, nor for judgment non obstante veredicto on such grounds under Rule 301. Under these circumstances, we conclude that such no evidence points of error are not properly preserved for review by this court and therefore we decline to address the merits of the points for want of jurisdiction.[3]

■ We now consider Cecil's points of error nos. 4 and 8. By her fourth point of error, Cecil argues that the court erred in giving the instruction on "delivery"[4] accompanying jury Question No. 3.

The objection made at trial by Cecil was:

> Objection is made to the sentence any act or declaration of the grantor, Martha L. Wisdom, showing an intention to give effect to an executed conveyance [is] sufficient on the grounds that this is already covered in the court's instruction, it is overly broad, duplicates the instruction given to the jury....

Cecil cites no authority in support of this point, but argues that the language objected to "[dilutes] the two legal elements of delivery" rendering those elements, viz., placing the deed under the *control* of the grantee with the *intention* to convey present title to the grantee, "meaningless." Cecil did cite authorities under her first and second points of error dealing with the law of delivery of deeds. *E.g.*, Tex.Prop.Code Ann. § 5.021 (Vernon 1985); *Ragland v. Kelner*, 148 Tex. 132, 221 S.W.2d 357 (1949), and *Tyler v. Bauguss*, 148 S.W.2d 912 (Tex.Civ.App.—Dallas 1941, writ dism'd judgmt cor.).

---

2. All references to rules in this opinion are to the Texas Rules of Civil Procedure unless otherwise noted.

3. See concurring opinion in *Metot v. Danielson*, 780 S.W.2d 283, 288–289 (Tex.App.—Tyler 1989, writ denied).

4. Quoted in full on page 711 of this opinion.

In support of her objection to the definition of "delivery" accompanying Question 3, Cecil requested that the following definition of delivery be given, to wit:

Definition: "Delivery" means the deed must be placed within the control of the Grantee and with the intention that it become operative as a conveyance. Actual manual delivery is not necessary. Every case must depend on its own circumstances and the relations of the parties. There must be an intention to deliver and acts sufficient to show a constructive delivery.

We conclude that the definition accompanying the question is substantially correct. By that definition, the jury was instructed in accordance with the evidence that before a delivery can be found, they must be persuaded by the preponderance of the evidence that the Decedent had the intention to deliver the deed, coupled with facts sufficient to show "a constructive delivery" thereof. It is undisputed that the Decedent did not manually deliver the deed to Smith, hence the question for the jury was whether the Decedent by any combination of words or conduct constructively delivered the conveyance. The definition given correctly instructed the jury on the law of constructive delivery. *Ragland v. Kelner; Hubbard v. Cox,* 76 Tex. 239, 13 S.W. 170 (1890); and *Henry v. Phillips,* 105 Tex. 459, 151 S.W. 533, 536 (1912). Cecil's fourth point of error is overruled.

■ By her eighth point of error, Cecil complains of the trial court's refusal to submit to the jury her Question No. 9, reading: "Do you find from a preponderance of the evidence that [the disputed account] at [Bright Banc Savings] was started on September 29, 1981 with monies from [an account] owned by ... Cecil?"

In support of the point, Cecil argues that under section 438 of the Texas Probate Code,[5] the question was a controlling issue in the case. We disagree. The requested question was included, as Smith argues, in the questions submitted. The jury by its

finding in response to Question No. 4 found the disputed account to be *wholly* owned by the estate of Decedent contrary to Cecil's trial contention and her own testimony. We conclude that the issue complained of was fairly submitted under Rule 277. The point of error is overruled. The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

### I.

Appellant Mildred Cecil (Cecil) presents thirteen points of error in her motion for rehearing, the first eleven claiming we erred in holding that she failed to preserve her appellate points of error numbers 1, 2, 3, 5, 6 and 7 for review under Tex.R.App.P. 52(a) (hereinafter Rule 52(a)). She presents two points of error (12 and 13) by which she asserts that we erred in overruling her appellate points of error numbers 4 and 8 by which she claimed the trial court erred in giving certain instructions on the law of "delivery" and in refusing to submit Cecil's requested jury question number 9. We will overrule the motion for rehearing.

Essentially, Cecil contends by her first eleven points of error in her motion for rehearing that:

1. she fully complied with Tex.R.Civ.P. 324 and 329b (hereinafter referred to as Rules 324 and 329b), thereby satisfying the requirements of Rule 52(a);

2. our application of Rule 52(a) "ignores governing rules of construction";

3. we misinterpreted Rules 324 and 329b;

4. our ruling conflicts with the decisions in *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768 (Tex.1989), *Berry v. Berry,* 770 S.W.2d 90 (Tex. App.—Dallas 1989, writ denied); and *Metot v. Danielson,* 780 S.W.2d 283 (Tex.App.—Tyler 1989, writ denied);

5. our "holding" denies her "due process of law [under] ... the Texas

---

5. Tex.Prob.Code Ann. § 438(a) (Vernon 1980), reading: "A joint account belongs, during the lifetime of all parties, to the parties in propor-

tion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent."

Constitution or the United States Constitution";

6. our "ruling creates an impractical obstacle to the administration of justice," and

7. we erred in concluding that this court lacked jurisdiction "to consider [her four] points of error...." challenging the legal sufficiency of the evidence to support certain jury findings.

Cecil contends by her twelfth and thirteenth points of error assigned in her motion for rehearing that (1) we "erred in affirming the trial court's instruction ... on what constituted delivery of a deed," and (2) we "erred in upholding the trial court's refusal to submit a question concerning ownership of the monies used to obtain a certificate of deposit."

## II.

We remain persuaded, for the reasons expressed in our original opinion, that Cecil's appellate points of error numbers 4 and 8 are without merit. Therefore we overrule her twelfth and thirteenth assignments of error.

We turn now to consider Cecil's remaining complaints that this Court erred in holding that she failed to preserve her appellate points of error numbers 1, 2, 3, 5, 6 and 7 for review, and Cecil's arguments thereunder.

Cecil argues that she complied with the provisions of Rules 324 and 329b, and that this court failed to recognize that Rule 52(a) in these circumstances is a "general rule" and Rule 329b a special rule. Hence, our conclusion that Rule 52(a) controls over Rule 329b is contrary to the generally accepted rule of construction that where a conflict exists between a general rule and a special or specific rule, the specific or special rule controls. Additionally, Cecil argues that our ruling is at odds with *Cherne Industries, Inc. v. Magallenes,* 763 S.W.2d 768 (Tex.1989); *Berry v. Berry,* 770 S.W.2d 90 (Tex.App.—Dallas 1989, writ denied); *Metot v. Danielson,* 780 S.W.2d 283 (Tex. App.—Tyler 1989, writ denied); and *Voth*

*v. Felderhoff,* 768 S.W.2d 403 (Tex.App.— Fort Worth 1989, writ denied).

Rule 52(a) provides in part:

(a) **General Rule.** In order to preserve a complaint for appellate review, *a party must have presented to the trial court a timely request, objection or motion,* stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party *to obtain a ruling upon the party's request, objection or motion....* (Emphasis ours.)

Rule 324 reads in part:

(b) **Motion for New Trial Required.** A point in a motion for new trial is a prerequisite to the following complaints on appeal:

(1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;

(2) *A complaint of factual insufficiency of the evidence to support a jury finding;*

(3) *A complaint that a jury finding is against the overwhelming weight of the evidence;*

(4) A complaint of inadequacy or excessiveness of the damages found by the jury; or

(5) Incurable jury argument if not otherwise ruled on by the trial court.

(Emphasis ours.)

Paragraphs (a) and (b) of Rule 329b provide rules governing motions for new trial and other motions, and require original and amended motions for new trial to be filed within "thirty days after the judgment ... complained of is signed."

Paragraphs (c) and (e) of Rule 329b read, in pertinent part, as follows:

(c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined *by written order signed within seventy-five days after the judgment was signed,* it shall be considered

*overruled by operation of law* on expiration of that period. (Emphasis ours.)

(e) If a motion for new trial is *timely filed* by any party, the trial court, regardless of whether an appeal has been perfected, *has plenary power to grant a new trial* or to vacate, modify, correct, or reform the judgment *until thirty days after all ... timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.* (Emphasis ours.)

■■■ Cecil contends that by our ruling we have reinstated the "presentment" language of former Rule 329b that was eliminated in 1981. That language required the movant for new trial "to present the [motion] to the court...." Our response to that argument is simple. The significance, if any, of the omission of that requirement in the 1981 version of Rule 329b is more than overwhelmed by the language placed in Rule 52(a) in 1986 by the Supreme Court. Moreover, the thrust of the 1981 rewrite of Rule 329b was to confer considerably *more control* to the *trial court* over its judgments, by giving that court absolute control thereover for an additional thirty days *after* the overruling of timely filed original or amended motions for new trial so that the trial court may correct, modify, vacate or reform the judgment, or *grant a new trial in the case.* Contrary to Cecil's contention, *we found no conflict* between Rules 324 or 329b and the provisions of Rule 52(a). Therefore, it makes no sense to argue under these rules that an appellate court has authority, in the face of Rule 52(a), to review an error attributed to the trial court but which, in reality, is an error which the trial court was not apprised of, and had no opportunity to correct or otherwise rule on. Contrary to Cecil's arguments, the litigants, the public at large, and the judicial system as a whole benefit when an appeal is avoided because the trial judge is afforded the opportunity to correct his own error.

Also contrary to Cecil's arguments, we did not hold, or even suggest in our opinion, that she had to "present" a motion for new trial, in the context of securing a hearing thereon, but only stated that she "*never directed the trial court's attention to her [timely filed] motion for new trial....*" Cf. *Moore v. Mauldin,* 428 S.W.2d 808 (Tex.1968).

Cecil incorrectly asserts that our ruling conflicts with the opinion of the Supreme Court in *Cherne Industries, Inc.* That decision does not support Cecil's arguments, but to the contrary, by way of analogy, supports our ruling. The case deals with Tex.R.Civ.P. 296 and 297, which govern the procedures for procuring findings of fact and conclusions of law, and the *Cherne* court points out that the

> [S]cheme established by ... the rules is a sensible one. The initial request should be simple, filed with the [clerk of court] like any other pleading. If the judge does not comply, whether intentionally, through neglect, or through no fault at all, the more rigorous procedure of Rule 297 *will ensure that the court is in a timely fashion fully apprised of the request and the party's continuing interest in having it honored.* (Emphasis ours.)

*Cherne,* 763 S.W.2d at 772.

Moreover, in *Cherne,* Chief Justice Phillips observes, as Cecil notes in her motion:

> In a time when the cost and delay of litigation threaten the right of meaningful access to the courts for many of our citizens, we cannot condone an erroneous interpretation of our rules, however embedded in our practice, which discourages litigants from availing themselves of *a cheaper and quicker means of judicial resolution.* (Emphasis ours.)

*Id.*

We agree with Judge Phillips. That is exactly what our ruling will serve to bring about, that is, "a cheaper and quicker means of judicial resolution."

We now respond to Cecil's argument that our application of Rule 52(a) somehow "creates an impractical obstacle to the administration of justice." Cecil alleges that we have "set a trap" precluding review of a case on its merits. This is not so. Rule 52(a) prescribes the predicates required for

preserving errors for appellate review. It is likewise a sensible rule, and is imminently fair and certainly essential to a sound appellate process in which the main task of all intermediate appellate courts is to *correct errors. See* Tex.R.App.P. 50(d), which places the burden on the appellant to bring a record to this court sufficient "to show error [complained of] requiring reversal."

Cecil correctly argues that our present ruling is contrary to our decision in *Metot.* In that case, the majority of this court rejected appellee's (Danielson) contention that appellant (Metot) "did not properly preserve their allegations that the jury findings were against the great weight and preponderance of the evidence." *Metot v. Danielson,* 780 S.W.2d 283, 286 (Tex.App. —Tyler 1989, writ denied). Danielson claimed "that merely filing a motion for new trial is not sufficient to preserve error on appeal; the movant must in some way 'direct the court's attention' to the motion for new trial." *Id.* This court, in so ruling, said, "[w]e do not agree with this contention because to do so would have the effect of adding a requirement to [Rule 324] not present in the literal language of the rule." *Id.* (footnote omitted). Although our original opinion in this case refers to the concurring opinion in *Metot* and overruled *Metot* 's holding by implication, we should have, and do now, for the reasons stated in the concurring opinion in *Metot* and the reasons stated in this opinion, overrule *Metot* to the extent that it is in conflict with our decision in this case.

▮▮▮▮ We will not address Cecil's argument that our conclusion that she failed to preserve her appellate points of error numbers 1, 2, 3, 5, 6 and 7 under Rule 52(a) is in conflict with *Voth v. Felderhoff.* Those arguments attack the language in our opinion which reads, "Moreover, Cecil did not thereafter present any motion to the court under Rule 329b(e) seeking a new trial or any other relief from the judgment as authorized by that rule." Our legal conclusion that Cecil's points of error numbers 1, 2, 3, 5, 6 and 7 were not preserved for

review rests upon Cecil's failure to call the trial court's attention to her *timely filed* motion for new trial that alleges those claimed errors. Our *implied* conclusion that those errors *could have been preserved* by a "tardy motion" filed by Cecil to invoke the trial court's plenary powers under the rule was a mere gratuity, unnecessary to our holding. We amend our original opinion by striking that language found on page 5 of our original opinion in this case. We now address Cecil's claims that our ruling violates her "due process" and "due course of ... law" rights under the Fourteenth Amendment and Tex. Const. art. I, § 19 by refusing to pass on the merits of her points of error numbers 1, 2, 3, 5, 6 and 7. Cecil cites no authority in support of this argument, but baldly asserts that "[p]rior to this Court's decision, a party has been entitled to a review on the merits of issues raised in a motion for new trial when the motion was overruled by operation of law." She argues that this deprivation of review on the merits constitutes a violation of those constitutional rights. To begin with, we are unaware of any case, other than *Metot* (now overruled) that actually passes on the question. Moreover, our decision not to review her points of error on the merits because of her failure to preserve them for review is required by Rule 52(a) and does not offend, or even implicate her claimed constitutional rights. *Cf. Howell v. Dallas County Child Welfare Unit,* 710 S.W.2d 729, 732–734 (Tex.App.—Dallas 1986, writ ref'd n.r. e.), *cert. denied,* 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987). Therefore, we reject her contentions to the contrary.

▮▮▮▮ Next we discuss Cecil's arguments that we erred in concluding that we lacked jurisdiction to consider her four "no" evidence or "legal" insufficiency points. As we understand Cecil's eleventh assignment of error,[1] she contends that although she failed (1) to make objections to the submission of jury question numbers 3 and 4, (2) to file a motion for instructed verdict, (3) to file a motion to disregard the jury's an-

---

1. Based on the authorities cited, *see, e.g., Ambox, Inc. v. Stewart & Stevenson Services, Inc.,* 518 S.W.2d 428 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.).

swers to those questions, or (4) to file a motion for judgment non obstante veredicto, she did preserve the points of error by filing her motion for new trial in which she alleged those errors. *Ambox, Inc.*'s holding, pertinent here, was based on *Rosas v. Shafer*, 415 S.W.2d 889 (Tex.1967). Cecil has obviously misread our opinion. We did not conclude that "legal" insufficiency points cannot be preserved by a party's assertion thereof in a timely filed motion for new trial; we only concluded that since she did not otherwise preserve those points of error for review, and she failed, as required by Rule 52(a), to call the trial court's attention to the motion for new trial, those points were not preserved for review. There is no merit in her argument and we reject it.

Finally, Cecil maintains that if a trial judge refuses to take action, meaning to conduct a hearing or rule on the motion before the motion is overruled by operation of law, what then? The answer to that question is easy. Since those circumstances show that the trial judge was aware of the motion but refuses to rule, then a simple objection to that refusal is, in itself, sufficient to preserve the error. See Rule 52(a).

Based on our careful consideration of Cecil's motion for rehearing, and for the reasons set forth in our original opinion, in this opinion, and in the concurring opinion in *Metot,* we are persuaded that the ruling we made in our original opinion delivered on April 16, 1990, is correct. Therefore we overrule Cecil's motion for rehearing.