**FILED**
*December 10, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00440-CV
8190543
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/10/2015 11:07:07 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00440-CV

# In the Court of Appeals
## for the
## Third Court of Appeals District of Texas
## Sitting at Austin, Texas

_____

# Raymond Cox, Jr. and Tamesa Cox, *Appellants*

# vs.

# GMAC Mortgage, LLC, its successor and/or assigns, *Appellee*

_____

# Appealed from the County Court at Law No. 1

# of Bell County, Texas

# The Honorable Jeanne Parker, Presiding

_____

# Brief of Appellants,

# Raymond Cox, Jr. and Tamesa Cox

_____

Michael Brinkley
State Bar No. 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, TX 76182-0711
817.284.3535; metro 817.589.7111
fax 888.511.0946
Attorney for Appellants

BRIEF OF APPELLANTS

## Certificate of Parties

The following is a complete list of all parties to this action:

(1)     Raymond Cox, Jr. and Tamesa Cox, *appellants*
        2208 Bellmont
        Temple, Texas 76504

(2)     GMAC Mortgage, LLC, its successor and/or assigns, *appellee*
        8400 Normandale Lake Blvd., Ste. 175
        Minneapolis, MN 55437-1073

(3)     Michael Brinkley, attorney for appellants
        BRINKLEY LAW PLLC
        P. O. Box 820711
        Fort Worth, Texas 76182-0711

(4)     Paul A. Hoefker, attorney for appellee
        ALDRIDGE | PITE, LLP
        550 Westcott, Suite 560
        Houston, Texas 77007

## Subject Index

|  | Page |
|---|---|
| List of Authorities | 4 |
| Statement of the Case | 6 |
| Statement Regarding Oral Argument | 6 |
| Points of Error | 6 |
| Statement of the Facts | 7 |
| Summary of Argument | 9 |
| Argument and Authorities | |
| POINT OF ERROR 1. The trial court erred in failing to file findings of fact and conclusions of law, despite two timely successive requests to do so, and this case should be reversed and remanded as a result | 9 |
| POINT OF ERROR 2.  The trial court erred in hearing the case and rendering judgment on April 17, 2015, because at such time the Appellee's pleading then on file was not a valid pleading on which judgment could have been granted | 10 |
| POINT OF ERROR 3. The trial court erred in granting judgment for possession of the subject real property on April 17, 2015, because Appellee failed to tender evidence that GMAC was entitled to rely on "tenancy at sufferance" language in the Deed of Trust, and GMAC was not in privity of contract with Cox in regard to the claimed lien instrument | 12 |
| Conclusion/Prayer | 13 |
| Certificate of Service | 15 |
| Appendix 1  Judgment | 16ff |
| Appendix 2  Statutes and Rules | 18ff |

# List of Authorities

| **Cases** | **Page** |
|---|---|

*Berry v. Berry*, 770 S.W.2d 90, 92 (Tex.App.–Dallas 1989) — 10

*Durham v. Fort Worth Tent & Awning*, 271 S.W.2d 181, 184 (Tex.Civ.App.–Fort Worth 1954) — 10

*Goggins v. Leo*, 849 S.W.2d 373, 377; 1993 Tex. App. LEXIS 435 *9-10 (Tex.App.–Houston 14th 1993) — 13

*Roberts v. Roberts*, 999 S.W.2d 424, 430 (Tex.App.–El Paso 1999) — 10

**Statutes and Rules** - pertinent excerpts attached at Appendix 2

Texas Property Code Sections 24.002 and 24.005 — 12
Texas Rule of Civil Procedure 296 — 9
Texas Rule of Civil Procedure 297 — 9
Texas Rule of Civil Procedure 299 — 10

**No. 03-15-00440-CV**

**In the Court of Appeals**
**for the**
**Third Court of Appeals District of Texas**
**Sitting at Austin, Texas**

_____

**Raymond Cox, Jr. and Tamesa Cox,** *Appellants*

**vs.**

**GMAC Mortgage, LLC, its successor and/or assigns,** *Appellee*

_____

**Appealed from the County Court at Law No. 1**

**of Bell County, Texas**

**The Honorable Jeanne Parker, Presiding**

_____

**Brief of Appellants,**

**Raymond Cox, Jr. and Tamesa Cox**

_____

TO THE HONORABLE COURT OF APPEALS:

Appellants, Raymond Cox and Tamesa Cox (hereinafter "Cox"), respectfully submit this brief in appeal of the judgment in favor of GMAC Mortgage, LLC, its successor and/or assigns, appellee (referred to hereinafter as either "Appellee" or

"GMAC"), signed by the trial court on April 17, 2015. This is an appeal from the County Court at Law No. 1, Bell County, in Cause No. 74,283, in which Appellants, Cox, were the defendants and the Appellee, GMAC, was the plaintiff.

## Statement of the Case

This is a forcible detainer case. At the setting of the trial de novo April 17, 2015, Appellants and Appellee appeared for trial through counsel. The Court considered the pleadings of the parties, including a plea in abatement tendered by Cox which had previously been filed in the justice court, followed by trial of the case in chief and the consideration of a business records affidavit earlier filed by GMAC, and proceeded to grant judgment for Appellee on its forcible detainer petition.

## Statement Regarding Oral Argument

Oral argument is requested, because of the nature of the arguments regarding the plea in abatement and standing of Appellee to have brought this case or to prosecute this appeal.

## Points of Error

**POINT OF ERROR 1. The trial court erred in failing to file findings of fact and conclusions of law, despite two timely successive requests to do so, and this case should be reversed and remanded as a result.**

**POINT OF ERROR 2. The trial court erred in hearing the case and rendering judgment on April 17, 2015, because at such time the Appellee's pleading then on file was not a valid pleading on which judgment could have been granted**.

**POINT OF ERROR 3. The trial court erred in granting judgment for possession of the subject real property on April 17, 2015, because Appellee failed to tender evidence that GMAC was entitled to rely on the "tenancy at sufferance" language in the Deed of Trust, and GMAC was not in privity of contract with Cox in regard to the claimed lien instrument.**

### Statement of the Facts

GMAC filed its original petition for forcible detainer in the Justice Court, Precinct 3, Place 2, of Bell County, Texas.[1] Cox filed their plea in abatement and answer subject to such plea after the case was appealed to the County Court at Law Number Three,[2] and such plea was heard before consideration of the case in chief by the County Court at Law Number One of Bell County, Texas, where it was heard de novo before the latter

---

[1] County Clerk's Official Record, pages 8-10.

[2] County Clerk's Official Record, pages 40-44; County Court at Law Number Three had jurisdiction at the time appeal was taken by Cox from the justice court, then the case was transferred before trial to County Court at Law One, the responsibilities of the various courts at law having been realigned in the interim.

court on April 17, 2015, a jury not having been demanded by either party.[3] The County Court at Law Number One proceeded to consider the argument of counsel on the plea in abatement[4] before considering the exhibits offered by GMAC and the business records affidavit filed by GMAC, then granted judgment to GMAC.[5] On May 8, 2015, Cox filed their Request for Findings of Fact and Conclusions of Law.[6] Cox filed a motion for new trial on May 18, 2015[7] and the trial court denied that motion without hearing by order of May 21, 2015.[8] On June 8, 2015, Cox filed their Notice of Past Due Findings of Fact and Conclusions of Law.[9] This appeal was taken by notice filed on July 15, 2015.[10]

---

[3] County Clerk's Official Record, pages 89 (judgment) and 118 (docket sheet).

[4] For reasons unknown to counsel, the last urging of Cox's plea in abatement does not appear in the Reporter's Record or the docket sheet, though it was done as the beginning of the proceeding on April 17, 2015, and was denied by the trial court. Since there are no findings of fact and conclusions of law in the record, it is not possible to apprise this Court of what matters may have been weighed by the trial court in denial of the plea in abatement on April 17, 2015.

[5] County Clerk's Official Record, pages 89 (judgment) and 118 (docket sheet).

[6] County Clerk's Official Record, pages 120-121.

[7] County Clerk's Official Record, pages 122-128.

[8] County Clerk's Official Record, page 131.

[9] County Clerk's Official Record, pages 129-130.

[10] County Clerk's Official Record, pages 134-135.

## Summary of Argument

The County Court at Law Number One erred in granting judgment for GMAC because there was not, at the time of trial, a pleading on which judgment could have been granted, because it did not identify a party plaintiff then still in existence and actually owning the claimed real property. The case should be remanded to the County Court at Law Number One because the trial court failed to issue findings of fact and conclusions of law which are essential to a proper disposition of this case on appeal.

## Argument and Authorities

**POINT OF ERROR 1. The trial court erred in failing to file findings of fact and conclusions of law, despite two timely successive requests to do so, and this case should be reversed and remanded as a result.**

On May 8, 2015, Cox timely filed their Request for Findings of Fact and Conclusions of Law in accordance with Texas Rule of Civil Procedure ("TRCP") 296 as detailed above. No such findings and conclusions having been filed subsequent to such request, Cox timely filed their Notice of Past Due Findings of Fact and Conclusions of Law as provided by TRCP 297 on June 8, 2015. The Fifth Court of Appeals has held that there is a presumption that the past-due notice/request was called to the attention

of the trial court.[11] The failure or refusal of the trial court to make a requested finding

is reviewable on appeal per TRCP 299. The trial court still not having filed any findings

and conclusions, the most appropriate course would be for this Court to reverse and

remand:

> . . . where the trial court fails to find on a necessary fact, or where it has made such findings and they are deemed by the appellate court to be insufficient to support the judgment, the appellate court is without power, on conflicting evidence, to make such findings, but can only reverse and remand. *Choate v. San Antonio & Aransas Pass Ry. Co.*, 91 Tex. 406, 44 S.W. 69; *Post v. State*, 106 Tex. 500, 171 S.W. 707.

*Durham v. Fort Worth Tent & Awning*, 271 S.W.2d 181, 184 (Tex.Civ.App.–Fort Worth

1954). In the alternative, this Court could abate this proceeding and require the trial

court judge to file such complete findings of fact and conclusions by a reasonable date

certain.[12]

**POINT OF ERROR 2. The trial court erred in hearing the case and rendering**

**judgment on April 17, 2015, because at such time the Appellee's pleading**

---

[11] *Berry v. Berry*, 770 S.W.2d 90, 92 (Tex.App.–Dallas 1989): ". . . in the absence of some evidence to the contrary, the filing of a reminder notice with the clerk creates a presumption that such notice was called to the attention of the trial judge on the date of filing."

[12] The Fifth Court of Appeals followed that course in *Berry v. Berry*, and the Eighth District Court of Appeals also took that approach in *Roberts v. Roberts*, 999 S.W.2d 424, 430 (Tex.App.–El Paso 1999).

**then on file was not a valid pleading on which judgment could have been granted**.

At the setting of the trial of Appellee's case in chief, the trial court first considered the Cox plea in abatement,[13] which plea was filed preceding their original answer, which answer was made subject to such plea in all respects. The trial court considered and overruled such plea in abatement and then proceeded to try the case in chief.

The Appellee's original petition, and the predicate notices demanding possession, were made by GMAC, which shortly thereafter filed for Chapter 11 bankruptcy in the District of Delaware and on December 17, 2013 disposed of its assets in the process of the bankruptcy.[14] Therefore, since GMAC cannot have owned the subject real property on April 17, 2015, the pleading before the trial court on April 17, 2015 was not a pleading on which judgment could have been granted, since it did not name a proper party plaintiff.

---

[13] Again, for reasons unknown, this urging of Cox's plea in abatement does not appear in the Reporter's Record or the docket sheet, though it was done as the beginning of the proceeding on April 17, 2015, and was denied by the trial court. Since there are no findings of fact and conclusions of law in the record, it is not possible to apprise this Court of what matters may have been weighed by the trial court in denial of the plea in abatement on April 17, 2015.

[14]http://rescapliquidatingtrust.com/resources/documents/governance/Liquidating%20Trust%20A greement%20-%20Executed.pdf, *inter alia* recital G, page 2 (specifying the Effective Date of December 17, 2013) and provision 2.5 on page 14 (Transfer of Available Assets). GMAC Mortgage, LLC is a named disposing party in the preamble of this Liquidating Trust Agreement.

Appellee's counsel could not assure the trial court as to who actually owned the subject property,[15] and such ownership is fundamental to a claim of a superior right to possession of real property. This defect, since it relates to standing of the claimed plaintiff, was jurisdictional and subject to Cox raising it at any time. Since it was properly raised at the time of trial[16] and in this appeal to this Court, it is well taken. It is critical that regardless of any subsequent amendment of pleadings, the pre-suit demands for possession were issued by or for GMAC to Cox,[17] and any other entity subsequently claiming ownership of the real property in question would need to make its own demand for possession to Cox in order to satisfy the requirements of Property Code Sections 24.002 and 24.005.

**POINT OF ERROR 3. The trial court erred in granting judgment for possession of the subject real property on April 17, 2015, because Appellee failed to tender evidence that GMAC was entitled to rely on the "tenancy at sufferance" language in the Deed of Trust, and GMAC was not in privity of contract with Cox in regard to the claimed lien instrument.**

---

[15] Reporter's Record, volume 2, page 7, lines 18-22.

[16] Reporter's Record, volume 2, page 7, lines 8-17.

[17] County Clerk's Record, *inter alia* pages 9 (III, first paragraph on the page), 27-28.

This suit should have been abated or dismissed because GMAC was not and is not entitled to the benefit of the Deed of Trust's language on which GMAC relies for its claim that Cox are tenants at sufferance and that GMAC has a superior right to immediate possession of the real property at issue. GMAC was not a beneficiary of the Deed of Trust, nor was it the owner of the real property as of April 17, 2015, and thus GMAC had no standing to seek to proceed to judgment on April 17, 2015. Therefore, there is no foundation for GMAC to claim either a superior right to possession of the property which it did not own as of the time of trial, nor to treat Cox as tenants at sufferance. GMAC thus could not and did not prove what is required of a forcible detainer plaintiff as set out in *Goggins v. Leo*, 849 S.W.2d 373, 377; 1993 Tex. App. LEXIS 435 *9-10 (Tex.App.–Houston 14th 1993).[18]

**Conclusion/Prayer**

Office of Court Administration data shows that from January, 2012 through the most recently reported data in December, 2015, there were 879,982 forcible detainer cases filed. While there is no further breakdown to indicate how many of those cases

---

[18] "Leo was required to prove the following elements under this theory of recovery: (1) Leo was the owner, (2) Goggins was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Goggins' lease, (4) Leo made demand for possession, and (5) Goggins refused to leave. *See* [Property Code] *§24.002*, *supra."*

were post-foreclosure, the number surely runs high into many tends of thousands. Their home is the most valuable asset that most Texans ever own, and each one involves unique bonds, benefits and memories for the homeowner. Few issues could come before this Court of imaginably greater importance to the average Texan–hence to the jurisprudence of this state–than the necessity (or lack of necessity) for strict compliance with procedures followed in divesting them of title to their home, and later to their dispossession from that home.

For the reasons stated above, this Court should reverse and render judgment for Appellants that the County Court at Law Number One of Bell County Texas, had no pleading before it on which to grant judgment and/or because the court had insufficient evidence before it to render judgment for Appellee. In the alternative, this Court should remand the case to the County Court at Law Number One of Bell County for a new trial. Appellants further request that all costs of this appeal be taxed against Appellee. Appellants further request that they and their surety(ies), if any, be released from any supersedeas bond posted in this cause, and that any and all monies deposited into the registry of any court for supersedeas bond purposes be refunded to Appellants or to such person(s) who otherwise deposited same.

Respectfully submitted,

*/s/ Michael Brinkley*

_____

**Michael Brinkley**
State Bar No. 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182-0711
817.284.3535; metro 817.589.7111
fax 888.511.0946
Attorney for Appellants

### Certificate of Compliance for T.R.A.P. 9.4(i)(3)

I certify that the word count indicated by my word processing software for the portions of the foregoing brief covered by Texas Rule of Appellate Procedure 9.4(i)(1) is 1,428 according to the word processing software employed.

Dated: December 10, 2015.

*/s/ Michael Brinkley*

_____

**Michael Brinkley**

### Certificate of Service

I certify that a true and correct copy of the foregoing has been served on the following counsel and/or pro se parties of record, in accordance with Texas Rule of Appellate Procedure 9.5, on December 10, 2015.

**Paul A. Hoefker**
ALDRIDGE | PITE, LLP
550 Westcott, Suite 560, Houston, Texas 77007
713-293-3618; fax 858-412-2773
Attorney for Appellee

*/s/ Michael Brinkley*

_____

**Michael Brinkley**

APPENDIX 1

16

*ORIGINAL*

CAUSE NO.   <u>74283-0</u>

| | |
|---|---|
| GMAC Mortgage, LLC, its successors and/or assigns,<br><br>Plaintiff(s),<br><br>vs.<br><br>Raymond Cox, Jr., Tamesa Cox, and/or All Occupants of 2208 Bellmont, Temple, TX 76504<br><br>Defendant(s). | COUNTY COURT<br><br>AT LAW NO. 1<br><br>BELL COUNTY, TEXAS |

## JUDGMENT OF POSSESSION

On the _17th_ day of _APRIL_, 2015, came on to be heard the above styled and numbered cause. Plaintiff appeared by and through its counsel of record. The Defendant(s) <u>did appear OR (did not appear)</u>. After hearing and considering the evidence, this Court is of the opinion that Plaintiff is entitled to possession of the property located at 2208 Bellmont, Temple, TX 76504, prayed for in its Original Petition for Forcible Detainer.

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED that GMAC Mortgage, LLC, its successors and/or Assigns have Judgment of Possession against Raymond Cox, Jr., Tamesa Cox and/or all occupants of 2208 Bellmont, Temple, TX 76504. All costs of court are hereby taxed against the party by whom incurred, for all of which let execution issue. A Writ of Possession may issue on or after _23rd_ day of _APRIL_, 201_5_.

Supersedeas bond to appeal this Judgment is set at $_500 per month into the registry of the Court, payable a the first of each month._

All relief requested herein and not expressly granted herein is HEREBY DENIED.

SIGNED BY THE COURT this _17th_ day of _APRIL_, 2015.

_____
PRESIDING JUDGE

Raymond Cox, Jr., Tamesa Cox: 2208 Bellmont, Temple, TX 76504

89

APPENDIX 2

TEXAS PROPERTY CODE

Sec. 24.002. FORCIBLE DETAINER. (a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:
(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;
(2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or
(3) is a tenant of a person who acquired possession by forcible entry.
(b) The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.

Acts 1983, 68th Leg., p. 3514, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 200, Sec. 1, eff. Aug. 26, 1985; Acts 1989, 71st Leg., ch. 688, Sec. 2, eff. Sept. 1, 1989.

Sec. 24.003. SUBSTITUTION OF PARTIES. If a tenancy for a term expires while the tenant's suit for forcible entry is pending, the landlord may prosecute the suit in the tenant's name for the landlord's benefit and at the landlord's expense. It is immaterial whether the tenant received possession from the landlord or became a tenant after obtaining possession of the property.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Aug. 26, 1985.

Sec. 24.004. JURISDICTION; DISMISSAL. (a) Except as provided by Subsection (b), a justice court in the precinct in which the real property is located has jurisdiction in eviction suits. Eviction suits include forcible entry and detainer and forcible detainer suits. A justice court has jurisdiction to issue a writ of possession under Sections 24.0054(a), (a-2), and (a-3).
(b) A justice court does not have jurisdiction in a forcible entry and detainer or forcible detainer suit and shall dismiss the suit if the defendant files a sworn statement alleging the suit is based on a deed executed in violation of Chapter 21, Business & Commerce Code.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Aug. 26, 1985; Acts 1997, 75th Leg., ch. 1205, Sec. 1, eff. Sept. 1, 1997.
Amended by:
Acts 2011, 82nd Leg., R.S., Ch. 958, Sec. 1, eff. January 1, 2012.
Acts 2011, 82nd Leg., R.S., Ch. 1242, Sec. 3, eff. September 1, 2011.

Sec. 24.005.  NOTICE TO VACATE PRIOR TO FILING EVICTION SUIT.  (a)  If the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit, unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.  A landlord who files a forcible detainer suit on grounds that the tenant is holding over beyond the end of the rental term or renewal period must also comply with the tenancy termination requirements of Section 91.001.

(b)  If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.  If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease.  The tenant is considered to timely pay the rent under this subsection if, during the month of the foreclosure sale, the tenant pays the rent for that month to the landlord before receiving any notice that a foreclosure sale is scheduled during the month or pays the rent for that month to the foreclosing lienholder or the purchaser at foreclosure not later than the fifth day after the date of receipt of a written notice of the name and address of the purchaser that requests payment.  Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

(c)  If the occupant is a tenant of a person who acquired possession by forcible entry, the landlord must give the person at least three days' written notice to vacate before the landlord files a forcible detainer suit.

(d)  In all situations in which the entry by the occupant was a forcible entry under Section 24.001, the person entitled to possession must give the occupant oral or written notice to vacate before the landlord files a forcible entry and detainer suit.  The notice to vacate under this subsection may be to vacate immediately or by a specified deadline.

(e)  If the lease or applicable law requires the landlord to give a tenant an opportunity to respond to a notice of proposed eviction, a notice to vacate may not be given until the period provided for the tenant to respond to the eviction notice has expired.

(f)  The notice to vacate shall be given in person or by mail at the premises in question.  Notice in person may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door.  Notice by mail may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question.  If the dwelling has no mailbox and has a keyless bolting device, alarm system, or dangerous animal that prevents the landlord from entering the premises to leave the notice to vacate on the inside of the main entry door, the landlord may securely affix the notice

on the outside of the main entry door.

(g)  The notice period is calculated from the day on which the notice is delivered.

(h)  A notice to vacate shall be considered a demand for possession for purposes of Subsection (b) of Section 24.002.

(i)  If before the notice to vacate is given as required by this section the landlord has given a written notice or reminder to the tenant that rent is due and unpaid, the landlord may include in the notice to vacate required by this section a demand that the tenant pay the delinquent rent or vacate the premises by the date and time stated in the notice.

Acts 1983, 68th Leg., p. 3515, ch. 576, Sec. 1, eff. Jan. 1, 1984.  Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Sept. 1, 1985;  Acts 1989, 71st Leg., ch. 688, Sec. 3, eff. Sept. 1, 1989;  Acts 1997, 75th Leg., ch. 1205, Sec. 2, eff. Sept. 1, 1997.

When the jury agree upon a verdict, they shall be brought into the court by the proper officer, and they shall deliver their verdict to the clerk; and if they state that they have agreed, the verdict shall be read aloud by the clerk. If the verdict is in proper form, no juror objects to its accuracy, no juror represented as agreeing thereto dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

## RULE 294.  POLLING THE JURY

Any party shall have the right to have the jury polled. A jury is polled by reading once to the jury collectively the general verdict, or the questions and answers thereto consecutively, and then calling the name of each juror separately and asking the juror if it is the juror's verdict. If any juror answers in the negative when the verdict is returned signed only by the presiding juror as a unanimous verdict, or if any juror shown by the juror's signature to agree to the verdict should answer in the negative, the jury shall be retired for further deliberation.

## RULE 295.  CORRECTION OF VERDICT

If the purported verdict is defective, the court may direct it to be reformed. If it is incomplete, or not responsive to the questions contained in the court's charge, or the answers to the questions are in conflict, the court shall in writing instruct the jury in open court of the nature of the incompleteness, unresponsiveness, or conflict, provide the jury such additional instructions as may be proper, and retire the jury for further deliberations.

SECTION 11.  TRIAL OF CAUSES

### G.  Findings by the Court

## RULE 296.  REQUESTS FOR FINDINGS OF FACTS AND CONCLUSIONS OF LAW

In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request shall be entitled "Request for Findings of Fact and Conclusions of Law" and shall be filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who tried the case. The party making the request shall serve it on all other parties in accordance with Rule 21a.

## RULE 297.  TIME TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. The court shall cause a copy of its findings and conclusions to be mailed to each party in the suit.

If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other

parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk. Such notice shall state the date the original request was filed and the date the findings and conclusions were due. Upon filing this notice, the time for the court to file findings of fact and conclusions of law is extended to forty days from the date the original request was filed.

## RULE 298.  ADDITIONAL OR AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

After the court files original findings of fact and conclusions of law, any party may file with the clerk of the court a request for specified additional or amended findings or conclusions. The request for these findings shall be made within ten days after the filing of the original findings and conclusions by the court. Each request made pursuant to this rule shall be served on each party to the suit in accordance with Rule 21a.

The court shall file any additional or amended findings and conclusions that are appropriate within ten days after such request is filed, and cause a copy to be mailed to each party to the suit. No findings or conclusions shall be deemed or presumed by any failure of the court to make any additional findings or conclusions.

## RULE 299.  OMITTED FINDINGS

When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

## RULE 299a.  FINDINGS OF FACT TO BE SEPARATELY FILED AND NOT RECITED IN A JUDGMENT

Findings of fact shall not be recited in a judgment. If there is a conflict between findings of fact recited in a judgment in violation of this rule and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes. Findings of fact shall be filed with the clerk of the court as a document or documents separate and apart from the judgment.

### SECTION 11.  TRIAL OF CAUSES

### H.  Judgments

### RULE 300.  COURT TO RENDER JUDGMENT

Where a special verdict is rendered, or the conclusions of fact found by the judge are separately