**Jim FLUTY, Appellant,**

v.

**SIMMONS COMPANY, Appellee.**

**No. 05–91–00814–CV.**

Court of Appeals of Texas,
Dallas.

May 27, 1992.

Jim Fallon, Sherman, for appellant.

Mark P. Blenden, Irving, for appellee.

Before STEWART, CHAPMAN and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Jim Fluty appeals a default judgment rendered in favor of Simmons Company. In one point of error, Fluty contends that the trial court erred in overruling his motion for new trial. We overrule appellant's point of error. We affirm the trial court's judgment.

## STATEMENT OF FACTS

Simmons Company filed a suit on a sworn account against appellant in his individual capacity. Appellant received service of citation on February 14, 1991. Appellant's answer was due on March 11, 1991. Since the appellant failed to file an answer by that date, appellee took a default judgment on March 26, 1991 for $12,309.24, together with $4,080 in attorney's fees, interest, and additional fees of $3,000 if there is an unsuccessful appeal. On April 19, 1991, appellant filed an answer and a motion for new trial.

In the motion for new trial, appellant stated that the failure to file an answer was not intentional or the result of conscious indifference, but rather, was the result of accident or mistake. Appellant alleges that within three days of service, he delivered the citation and petition to his attorney, Lynn Miller. Appellant further alleges that Miller stated that she would take care of the matter. The accident or mistake alleged is Miller's lengthy hospital stay. Appellant alleges that Miller entered the hospital on March 2, 1991, and remained hospitalized until April 1, 1991. Appellant also alleged a meritorious defense. Appellant contends that he was not individually liable for the account. Appellant also provided support for his motion for new trial by attaching affidavits from himself and Miller. The only fact that was verified by affidavit was the length of Miller's hospital stay.

Appellant's motion for new trial was overruled by operation of law on June 10, 1991. TEX.R.CIV.P. 329b(c).

## MOTION FOR NEW TRIAL

In his sole point of error, appellant alleges that the trial court erred in overruling his motion for new trial because appellant satisfied the three elements necessary to obtain a new trial after entry of a default judgment. We disagree.

### 1. Applicable Law

■ A motion for new trial is addressed to the trial court's discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984); *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 695 (Tex.App.—Dallas 1989, no writ). The court's ruling on the motion will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Strackbein*, 671 S.W.2d at 38; *Ferguson & Co.*, 776 S.W.2d at 695. However, as stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), "(w)hile trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." The *Craddock* court then presented the standard that trial courts have followed for over fifty years:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or accident; provided the motion sets up a meritorious defence and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock*, 133 S.W.2d at 126.

■ In the cases setting the standard for review of a denial of a motion for new trial, the motion had been set and heard by the courts. In *Shamrock Roofing Supply, Inc. v. Mercantile National Bank*, 703 S.W.2d 356 (Tex.App.—Dallas 1985, no writ), this Court discussed the duty of a movant to present for hearing the motion for new trial. In that case, after the entry of a default judgment, Shamrock filed a motion for new trial but did not request a hearing. Shamrock's motion for new trial was later overruled by operation of law. *Shamrock*, 703 S.W.2d at 357; *see also*, TEX.R.CIV.P. 329b(c). The day after the motion was overruled by operation of law, Shamrock filed a motion for a hearing on the motion for new trial. *Shamrock*, 703 S.W.2d at 357. This Court was unwilling to hold that an abuse of discretion occurs when a defaulting defendant fails to call the motion to the judge's attention and allows it to be overruled by operation of law. *Shamrock*, 703 S.W.2d at 357–358. In applying the *Craddock* and *Strackbein* standard, this Court stated that when a motion for new trial requires the exercise of discretion, the trial judge must have the opportunity to exercise that discretion before the court of appeals can hold that there is an abuse of discretion. *Shamrock*, 703 S.W.2d at 358. Consequently, this Court held that no abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and allows the motion to be overruled by operation of law. *Shamrock*, 703 S.W.2d at 357–58.

Appellant contends that the holding in *Shamrock* is overruled by the Texas Supreme Court in *Cecil v. Smith*, 804 S.W.2d 509 (Tex.1991). We disagree.

■ The issues addressed in *Cecil* did not involve default judgments. In *Cecil*, the issue addressed by the Texas Supreme Court was whether a motion for new trial overruled by operation of law preserves appellate complaints of "no evidence" and factual insufficiency of the evidence to support a jury finding. *Cecil*, 804 S.W.2d at 509–10. Initially, the court of appeals held that Cecil did not preserve her points of error for review because of Cecil's failure to call the trial court's attention to her timely-filed motion for new trial. *Cecil v. Smith*, 790 S.W.2d 709, 712 (Tex.App.—Tyler 1990), *rev'd*, 804 S.W.2d 509 (Tex. 1991). The court of appeals relied on rule

52(a) of the Texas Rules of Appellate Procedure, which provides:

> In order to preserve a complaint for appellate review, a party must have *presented* to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

TEX.R.APP.P. 52(a) (emphasis added); *see also, Cecil,* 790 S.W.2d at 712. However, rule 52(d) specifically applies to preserving complaints in motions for new trial. *See* TEX.R.APP.P. 52(d). Rule 52(d) provides that a point in a motion for new trial is a prerequisite to appellate complaint in those instances provided in paragraph (b) of rule 324 of the Texas Rules of Civil Procedure. *Id.* When rule 324(b) requires a motion for new trial to preserve error, the complaining party must only comply with the filing requirements in rule 329b to preserve error. *See* TEX.R.CIV.P. 324(b); *see also,* TEX.R.CIV.P. 329b. Rule 324(b) requires a motion for new trial in the following instances:

(1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default;

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence;

(4) A complaint of inadequacy or excessiveness of the damages found by the jury; or

(5) Incurable jury argument if not otherwise ruled on by the trial court.

TEX.R.CIV.P. 324(b). The court in *Cecil* specifically held subsections (b)(2) and (3) of Texas Rule of Civil Procedure 324 require only the filing of the motion for new trial under Rule 329b to preserve error. Because Cecil's motion for new trial complained of factual insufficiency,[1] the Texas Supreme Court held that Cecil's compliance with the filing requirements of Rule 329b and the subsequent overruling of the motion for new trial by operation of law preserved the points of error. *Cecil,* 804 S.W.2d at 512. The complaint in *Cecil* does not involve a motion on which evidence must be heard pursuant to Texas Rules of Civil Procedure 324(b)(1). The Texas Supreme Court noted:

> when a motion [for new trial] presents a question of fact upon which evidence must be heard, the trial court is obligated to hear such evidence when the Motion for New Trial alleges facts, which if true would entitle the movant to a new trial and when such a hearing for such purpose is properly requested. The points in Cecil's motion for new trial did not present a complaint on which evidence must be heard.

*Cecil,* 804 S.W.2d at 511 n. 5 (citations omitted). The court in *Cecil* only dealt with a complaint in a motion for new trial that did not require additional evidence. A motion for new trial to set aside a default judgment is a complaint on which evidence must be heard. TEX.R.CIV.P. 324(b)(1). Therefore we find that *Cecil* did not overrule the holdings in *Shamrock.*

### 2. Application of the Law to the Facts

In the present case, this court faces the same issues that were before this court in *Shamrock.* In the case at bar, appellant, Jim Fluty, received service of citation February 14, 1991. The trial court entered a default judgment against appellant on March 26, 1991. Appellant filed his answer, 38 days past the answer due date of March 11, 1991, on April 19, 1991, which included a motion for new trial and attached affidavits. This motion for new trial was overruled by operation of law on June 10, 1991. TEX.R.CIV.P. 329b(c).

---

1. Cecil also raised "no evidence" points of error in her motion for new trial. Rule 324(b) does not require the raising of "no evidence" points of error in a motion for new trial to preserve the complaint for appeal. However, the Texas Supreme Court held "no evidence" complaints are preserved for appellate review if rule 329b's filing requirements for motions for new trial are met. *Cecil,* 804 S.W.2d at 512.

Appellant should have given the trial court the opportunity to exercise its discretion by seeing that his motion for new trial was set for a hearing. By failing to bring his motion for new trial to the trial court's attention and allowing the motion to be overruled by operation of law, we cannot say that an abuse of discretion has occurred which would warrant a reversal. Relying on this court's previous holding in *Shamrock*, we hold that appellant should have brought his motion for new trial to the trial court's attention before the motion was overruled by operation of law. *Shamrock*, 703 S.W.2d at 358. There is no abuse of discretion in the overruling of a motion for new trial by operation of law where the record fails to show any attempt to obtain a timely hearing. *Id.* at 358.

Accordingly, we overrule appellant's sole point of error. We affirm the trial court's judgment.