Atkins-A v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-063-CV

     ANTHONY ATKINS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 94-10-14,726-CV
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Atkins appeals pro se from a post-answer default paternity and child support
judgment in a Uniform Interstate Family Support Act (UIFSA) action.
      The Attorney General, acting as a Support Enforcement Agency, filed this case against
Appellant, alleging that he was the father of a child born to Debra Huberty, and sought judgment
declaring him the father of the child, and ordering him to pay child support.
      Appellant, an inmate incarcerated in the Ferguson Unit of the Institutional Division of the
Texas Department of Criminal Justice, filed an answer in which he admitted he was the father of
the child and that he did not contest entry of a reasonable judgment of support for the child, but
that he was currently incarcerated in prison under an extremely lengthy sentence, and upon release
would be more than willing to support the child.
      The case was tried before a Master who entered an order on December 8, 1994, finding
Appellant to be the father of the child, and ordering $130 per month child support. Such order
was adopted as the order of the trial court. Appellant appeals on two points of error.
      Point one: "The trial court erred as a matter of law by not making a record of the December
8, 1994, hearing wherein a default judgment was found against Appellant."
      Appellant has not brought forward to this court a statement of facts of the December 8 hearing
and asserts that the Master did not make a record of the hearing. The record reflects that the
Master did make a record of the December 8 proceeding and that Appellant failed to request from
the Master this available statement of facts. Point one is overruled.
      Point two: "The trial court abused its discretion when it failed to conduct a hearing and
thereby denied appellant's properly supported motion for a new trial."
      Although appellant filed a motion for a new trial, he did not request a hearing on his motion,
and the trial court allowed the motion to be denied by operation of law.
      Because evidence must be heard to set aside a default judgment, Appellant had the duty to
attempt to obtain a hearing on his motion for a new trial. Tex. R. Civ. Proc. 324(h)(1). In
failing to request such a hearing, Appellant never gave the trial court an opportunity to exercise
its discretion and so he cannot complain on appeal that the trial court abused its discretion in
allowing his motion to be denied by operation of law. Fluty v. Simmons Co., 835 S.W.2d 664,
665-67 (Tex. App.—Dallas 1992, no writ).
      Appellant admitted, in his answer, he was the father of the child and would gladly pay
reasonable child support when released from prison. Moreover, Appellant has brought forward
no statement of facts, and thus we must presume the evidence supports the trial court's order. 
Ehrhardt v. Ehrhardt, 368 S.W.2d 37 (Tex. Civ. App.—Waco 1963, writ ref'd). Point two is
overruled.
      The judgment is affirmed.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 13, 1995
Do not publish