Stribling v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-149-CR

     WYMOND STRIBLING,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 265th District Court
Dallas County, Texas
Trial Court # F94-57404-R
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Wymond Stribling entered an open guilty plea to the offense of aggravated assault with a
deadly weapon, and the court assessed punishment of seven years' imprisonment. Tex. Penal
Code Ann. § 22.02(a)(1) (Vernon 1994). His appointed attorney filed an Anders brief. Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On November 22, 1995, we
granted the attorney's motion to withdraw in a per curiam order, finding that the appeal was
without merit. Johnson v. State, 885 S.W.2d 641 (Tex. App.—Waco 1994, interlocutory order). 
Stribling has not filed a pro-se brief or a request for an extension of time to file his brief. Id. at
647 & n.3. Thus, because we have no viable points of error to consider, the judgment is affirmed. 
Tex. R. App. P. 81(b)(2), 90(a).
                                                                                  PER CURIAM
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion issued and filed January 3, 1996
Do not publish



p>
      Point two: "The trial court abused its discretion when it failed to conduct a hearing and
thereby denied appellant's properly supported motion for a new trial."
      Although appellant filed a motion for a new trial, he did not request a hearing on his motion,
and the trial court allowed the motion to be denied by operation of law.
      Because evidence must be heard to set aside a default judgment, Appellant had the duty to
attempt to obtain a hearing on his motion for a new trial. Tex. R. Civ. Proc. 324(h)(1). In
failing to request such a hearing, Appellant never gave the trial court an opportunity to exercise
its discretion and so he cannot complain on appeal that the trial court abused its discretion in
allowing his motion to be denied by operation of law. Fluty v. Simmons Co., 835 S.W.2d 664,
665-67 (Tex. App.—Dallas 1992, no writ).
      Appellant admitted, in his answer, he was the father of the child and would gladly pay
reasonable child support when released from prison. Moreover, Appellant has brought forward
no statement of facts, and thus we must presume the evidence supports the trial court's order. 
Ehrhardt v. Ehrhardt, 368 S.W.2d 37 (Tex. Civ. App.—Waco 1963, writ ref'd). Point two is
overruled.
      The judgment is affirmed.
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 13, 1995
Do not publish