**Opinion issued January 21, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00891-CV

———————————

## R & G TRANSPORTATION, INC. A/K/A AND D/B/A R & G TRANSPORTATION, Appellant

## V.

## FLEETMATICS, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1042703**

---

## MEMORANDUM OPINION

Appellant, R & G Transportation, Inc., also known as and doing business as

R & G Transportation ("R & G"), challenges the trial court's default judgment in

favor of appellee, Fleetmatics, in its suit against R & G for breach of contract. In

its sole issue, R & G contends that the trial court erred in not granting its motion for new trial.

We affirm.

## Background

In its amended petition, Fleetmatics alleged that it entered into two agreements with R & G "for goods and/or services." According to Fleetmatics, it "fully performed all of its obligations" under the agreements, but R & G "failed and refused . . . to pay" Fleetmatics $16,468, as required by the agreements. Fleetmatics also alleged:

> R & G . . . failed to maintain a registered agent [in Texas] who can be served with reasonable diligence. Efforts were made to deliver the citation to GLASHANDA M. LEWIS, registered agent for service, but he did not make himself personally available for service at the registered office located at 3511 PINEMONT DR., STE C6, HOUSTON, TX 77018. . . . Due diligence has been used in an effort to obtain service of citation, to no avail, therefore, the Secretary of State of the State of Texas is [the] agent for service of process, according to Article 2.11B, Vernon's Annotated Texas Statutes, the Texas Business Corporation Act. Service of citation upon R & G . . . may be had by service upon the Secretary of State of the State of Texas . . . .

On May 1, 2014, the Secretary of State attempted to effect service via certified mail, return receipt requested, to R & G at 3511 Pinemont Dr., STE C6, Houston, Texas 77018. On May 27, 2014, the process was returned to the Secretary of State with the notation to "Return to Sender, Unclaimed, Unable To Forward."

2

On July 17, 2014, after the return had been on file with the clerk of the court for more than 10 days[1] and R & G had failed to appear and answer, the trial court entered a default judgment against R & G, holding it liable for payment of damages in the amount of $16,468, attorney's fees in the amount of $5,490, pre- and post- judgment interest, and costs.

On August 18, 2014, R & G filed a motion for new trial, asserting that it "did not receive notice of th[e] lawsuit, and therefore, could not file a response or make an appearance in th[e] matter." Further, it asserted that its "failure to answer was the result of accident or mistake, namely [that it] never received notice of [the] suit[,]" "a new trial w[ould] not cause delay or otherwise injure [Fleetmatics]," and "any failure to grant [R & G's] request for a new trial would violate [its] due process rights." No hearing was held on the motion, and it was overruled by operation of law.[2]

## Standard of Review

We review the trial court's denial of a motion for new trial for an abuse of discretion. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). In other words, the court's ruling on the motion will not be disturbed on appeal absent a showing of an abuse

---

[1]     *See* TEX. R. CIV. P. 107(h).

[2]     *See* TEX. R. CIV. P. 329b(c).

of discretion.  *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).  A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles.  *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 344 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

**Motion for New Trial**

In its sole issue, R & G argues that the trial court erred in not granting its motion for new trial because its failure to answer was due to "an accident or mistake," it has "a meritorious defense to [Fleetmatics'] breach of contract claim," granting the motion for new trial "would not have caused any delay or otherwise injured [Fleetmatics],"[3] and Fleetmatics "failed to file a Non – Military Affidavit before moving for final default judgment."[4]

Here, no hearing on R & G's motion for new trial was held.  R & G, in its motion, did not request a hearing, and the record does not show that R & G attempted to have the motion set for a hearing.  Instead, the motion for new trial was overruled by operation of law.  *See* TEX. R. CIV. P. 329b(c).

---

[3]    *See Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939) (default judgment set aside if defendant proves:  (1) failure to answer not intentional or result of conscious indifference, but rather due to accident or mistake; (2) motion for new trial sets up meritorious defense; and (3) motion shows granting new trial will not cause delay or injury to plaintiff).

[4]    *See* 50 U.S.C. § 3931 (titled "Protection of [S]ervicemembers [A]gainst [D]efault [J]udgments").

Notably, "[w]hen a movant for new trial from a default judgment makes no effort to have [its] motion set for a hearing or otherwise to draw the trial court's attention to [its] motion, and the movant allows the motion to be overruled by operation of law, the trial court does not abuse its discretion in permitting [its] motion to be overruled by operation of law." *James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 593–94 (Tex. App.—Dallas 2010, no pet.); *see also Fluty v. Simmons Co.*, 835 S.W.2d 664, 666–68 (Tex. App.—Dallas 1992, no writ) ("There is no abuse of discretion in the overruling of a motion for new trial by operation of law where the record [does not] show any attempt to obtain a timely hearing."); *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dall.*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ) ("We are unwilling to hold that an abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and allows it to be overruled by operation of law."); *see also Pinole Valley Trucking, Inc. v. Tex. Dev. Co.*, No. 01-08-00599-CV, 2009 WL 1025750, at *4–5 (Tex. App.—Houston [1st Dist.] Apr. 16, 2009, no pet.) (mem. op.) (involving post-answer default judgment). This is because when a motion for new trial requires the exercise of discretion, a trial court must be afforded the opportunity to exercise that discretion before a court of appeals may hold that it was abused. *Fluty*, 835 S.W.2d at 666; *Shamrock*, 703 S.W.2d at 358 (explaining "[t]rial judges have a heavy load of trials and contested motions,"

"cannot be expected to examine *sua sponte* all papers filed in their courts," and "must rely on counsel to see that motions are set for hearing").

Because R & G made no effort to have its motion for new trial set for a hearing, failed to otherwise bring the motion to the trial court's attention, and allowed the motion to be overruled by operation of law, we hold that the trial court did not abuse its discretion in not granting the motion.

We overrule R & G's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Bland.