# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00089-CV

**Seven-Thousand Eight-Hundred Twenty-Six Dollars in United States Currency, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-GN-15-004530, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

James N. Walker appeals a no-answer default judgment rendered in favor of the State of Texas in a civil forfeiture case. We will affirm.

### BACKGROUND

On October 5, 2015, the State filed a notice of seizure and intended forfeiture of $7,826.00 in United States currency, alleging that the property was contraband and subject to forfeiture under Chapter 59 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 59.01-.14 (property that is contraband is subject to seizure and forfeiture under this chapter). The petition alleged that Walker was the possessor of the currency at the time of its lawful seizure by a peace officer pursuant to article 59.03. *See id.* art. 59.03 (seizure of contraband). The petition further alleged that the currency was contraband because it was used and intended to be used in the commission of a second degree felony, specifically possession of heroin. In the alternative, the

petition alleged that the currency was contraband because it was the proceeds gained from the commission of the felony or was used to facilitate or intended to be used to facilitate the commission of the felony. The State requested that the court order that the currency be disposed of in accordance with Chapter 59. *See id.* art. 59.06 (disposition of forfeited property).

Walker, who was being held in the Travis County jail, was personally served with citation on October 14, 2015. The citation notified Walker that failure to file an answer by 10:00 a.m. on the Monday next following the expiration of twenty days after service could result in a default judgment. Walker's answer was due on November 9. On November 10, the State filed a motion for default judgment. That day the trial court granted the motion and rendered judgment that the currency at issue was forfeited to the Travis County District Attorney's office. Two days later Walker, who was still incarcerated, filed an answer that included a general denial and a plea in abatement and asserted affirmative defenses of entrapment and violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Walker, an attorney licensed to practice in the State of Texas, filed a motion for new trial in which he stated that immediately after being served with citation he began sending requests to the legal research staff at the Travis County Correctional Complex asking for information about a Chapter 59 civil forfeiture proceeding. Walker stated that he sought assistance from the legal research staff because he was not familiar with civil forfeiture proceedings. Walker stated that he drafted an answer on October 30 and, concerned about delay that might be caused by relying on the county jail mail service, sent the pleading to a friend who had agreed to make copies and hand-deliver it to the clerk's office and serve it on counsel for the State. Walker stated in his motion for new trial that he learned on November 9 that the pleading he mailed to his friend for filing had not

2

been received by the friend and thus had not been filed. Walker stated that he then filed an amended answer with an affidavit attached in which he controverted the allegations made in the State's petition. Walker's motion for new trial also asserted that his failure to timely answer was not caused by his negligence or conscious indifference, that he had meritorious defenses, and that the State would not be harmed by the trial court's granting a new trial because Walker would agree to have the costs of securing the default judgment deducted from the seized funds. Attached to the motion for new trial was Walker's unsworn declaration in which he declared under penalty of perjury that all the information contained in the motion for new trial was true and correct. *See* Tex. Civ. Prac. & Rem. Code § 132.001 (unsworn declarations may be used by inmates in lieu of sworn declarations, verification, certification, oath, or affidavit).

Walker's motion for new trial was overruled by operation of law and Walker perfected this appeal. In one issue, Walker asserts that the trial court abused its discretion by overruling his motion for new trial because he met the three prongs of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*; that is, he established that (1) the failure to answer was not intentional or the result of conscience indifference, but the result of accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) the motion for new trial was filed at a time when the granting thereof would occasion no delay or otherwise injure the State. 133 S.W.2d 124, 126 (Tex. 1939).

## DISCUSSION

Trial courts have broad discretion in ruling on motions for new trial. We review the denial of a motion for new trial for an abuse of that discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778-89 (Tex. 1987); *Smith v. Holmes*, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, no pet.).

3

When a motion for new trial is overruled by operation of law, as here, the question becomes whether the trial court abused its discretion in allowing the motion to be overruled. *Bank One of Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). A trial court abuses its discretion when it fails to correctly analyze or apply the law. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004). In matters committed to a trial court's discretion, the test is whether the trial court acted arbitrarily or without reference to guiding legal principles. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004).

In the context of a motion for new trial after rendition of a no-answer default judgment, the guiding legal principles for considering a motion for new trial are those set forth in *Craddock v. Sunshine Bus Lines*. *See Strackbein v. Prewitt*, 671 S.W.3d 37, 38 (Tex. 1984) (discussing *Craddock* factors and explaining that those factors provide guiding rule or principle that trial courts are to follow in determining whether to grant motion for new trial after default judgment). In *Craddock*, the Texas Supreme Court held that a default judgment should be set aside when the defendant establishes that (1) the failure to answer was not intentional or the result of conscious indifference, but the result of accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Craddock*, 133 S.W.2d at 126. "Such a rule, we noted, is based upon equitable principles and 'prevents an injustice to the defendant without working an injustice on the plaintiff.'" *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002) (quoting *Craddock*, 133 SW.2d at 126); *see also Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966) (citing equitable principles and extending *Craddock* to cases in which party has answered but fails to appear for trial).[1]

---

[1] If, however, the defaulting defendant had no actual or constructive notice, such lack of notice supplants the first element of the *Craddock* test and also obviates the need to prove the other

In order to complain that the trial court abused its discretion by failing to grant a motion for new trial on the equitable principles foundational to the *Craddock* rule, the movant must obtain a hearing on its motion. *See Fluty v. Simmons Co.*, 835 S.W.2d 664, 668 (Tex. App.—Dallas 1992, no writ); *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 357 (Tex. App.—Dallas 1985, no writ). "In applying the *Craddock* and *Strackbein* standard, [the *Shamrock* court] stated that when a motion for new trial requires the exercise of discretion, the trial judge must have the opportunity to exercise that discretion before the court of appeals can hold that there is an abuse of discretion." *Fluty*, 835 S.W.2d at 666. In *Shamrock*, the court stated that it would not hold that an abuse of discretion occurs when the defaulting defendant seeking a new trial on the equitable grounds set forth in *Craddock* fails to call the motion to the judge's attention and allows it to be overruled by operation of law. *Shamrock*, 703 S.W.2d at 357-58.[2]

It is undisputed that Walker was personally served with citation and therefore had notice of the civil forfeiture proceeding and of his obligation to file an answer by November 9 or risk

elements. *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 543-44 (Tex. App.—Austin 2004, no pet.) ("Once a party establishes such a lack of notice, moreover, due process requires that it prevail without need to prove the other *Craddock* elements.") (citing *Smith v. Holmes*, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, no pet.)).

[2] By contrast, a defendant whose motion for new trial presents uncontroverted evidence of lack of notice does not waive his right to complain about the denial of his motion for new trial if he fails to request a hearing. *See Holmes*, 53 S.W.3d at 818 (affidavit by prisoner unequivocally denying receipt of notice not only overcame prima facie presumption of notice but conclusively established lack of notice where the party who had taken default judgment had not requested evidentiary hearing). If a party conclusively establishes lack of notice, the motion for new trial must be granted on due process, as opposed to equitable, grounds. If the trial court fails to do so, the complaint on appeal is not that the trial court erred in concluding that the movant did not meet the *Craddock* factors, but rather that a new trial was necessary to comport with the requirements of due process. *See Limestone Constr., Inc.*, 143 S.W.3d at 543-44 (if party establishes lack of notice due process requires that it prevail without need to prove other *Craddock* elements).

a default judgment against him. Walker's motion for new trial was based on his attempt to establish the three *Craddock* factors that would entitle him to a new trial on equitable grounds. Walker did not, however, obtain a hearing on the motion for new trial, and it was overruled by operation of law. Having failed to provide the trial court with an opportunity to exercise its discretion in determining whether a new trial was warranted under *Craddock*, Walker has waived his right to complain that the trial court abused its discretion in allowing the motion for new trial to be overruled by operation of law. *See Fluty*, 835 S.W.2d at 668; *Shamrock*, 703 S.W.2d at 357; *see also Truong v. Rose*, No. 03-99-00740-CV, 2000 WL 1125245, at *1 (Tex. App.—Austin Aug. 10, 2000, no pet.) (not designated for publication) (having failed to give trial court opportunity to exercise its discretion in ruling on motion for new trial based on *Craddock* factors, movant cannot complain that trial court abused its discretion in denying new trial).

On appeal, Walker claims that, before his motion for new trial was overruled by operation of law, he had sent a letter to the trial court coordinator requesting that his motion for new trial be set for a hearing. *See Continental Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188 (Tex. App.—Dallas 2000, pet. denied) (distinguishing *Shamrock* and finding no waiver where plaintiff twice obtained hearing dates that were postponed at request of defendant before new trial motion was overruled by operation of law). The record, however, does not contain such a letter or any other indication that Walker attempted to obtain a hearing on his motion for new trial.[3] Thus, we need not decide whether such an attempt to obtain a timely hearing would cause us to conclude

---

[3] Both Walker and the Clerk of this Court requested that the trial court supplement the appellate record with any such correspondence. The supplementations provide by the Travis County District Clerk indicate that no such correspondence can be found in the trial court record.

that Walker did not waive his complaint that the trial court abused its discretion by not granting Walker's motion for new trial.

Because Walker failed to obtain a hearing on his *Craddock*-based motion for new trial, and therefore did not afford the trial court the "opportunity to exercise its discretion," he has waived his right to complain that the trial court abused that discretion. We overrule Walker's sole appellate issue.

## CONCLUSION

Having overruled Walker's appellate issue, we affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 31, 2016