**Affirmed and Memorandum Opinion filed February 24, 2026.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-25-00008-CV

---

### LINDA D. TANNER, Appellant

### V.

### TEXAS HEALTH AND HUMAN SERVICES COMMISSION, JULIA MURRAY, WENDY PROCTOR, AND JUAN RODRIGUEZ, Appellees

---

### On Appeal from the 459th District Court
### Travis County, Texas
### Trial Court Cause No. D-1-GN-24-002987

---

### MEMORANDUM OPINION

The Health and Human Services Commission (the Commission) denied appellant Linda Tanner's application for financial assistance under the Temporary Assistance for Needy Families (TANF) program. A hearing officer later affirmed the Commission's denial, and a reviewing attorney upheld the hearing officer's decision. Tanner sought judicial review of the decision in district court. In response, the defendants—the Commission, the hearing officer, the hearings administrator,

and the reviewing attorney (collectively, the HHSC Parties)—filed a plea to the jurisdiction arguing that Tanner's petition was untimely and therefore the district court lacked subject-matter jurisdiction to hear her case. After conducting a hearing, the district court granted the plea and dismissed Tanner's case. Appearing pro se, Tanner asserts on appeal that the trial court erred in granting the plea.[1] We affirm the trial court's judgment of dismissal.

## BACKGROUND

TANF is a state-administered welfare program designed to provide financial assistance and services to families with dependent children. Tex. Hum. Res. Code § 31.001; *see* 1 Tex. Admin. Code §§ 372.1–.1716 (Tex. Health & Human Servs. Comm., Temporary Assistance for Needy Families and Supplemental Nutrition Assistance Programs). In 2023, Linda Tanner filed an application for TANF benefits for her household, consisting of herself and her two children. *See* 1 Tex. Admin. Code §§ 372.901–.906 (Application Process). The Commission found that Tanner's monthly income exceeded TANF's recognizable needs test and, therefore, denied her application. *See id.* § 372.408 (Determining Income Eligibility).

Tanner timely requested an administrative hearing, also known as a "fair hearing," to contest the Commission's decision on her application. *See id.* § 372.1002 (providing for appeal of Commission's decisions on TANF eligibility under fair-hearing rules); *see id.* §§ 357.1–.703 (fair-hearing rules). The hearing officer assigned to her case conducted an evidentiary hearing and issued an order sustaining the Commission's denial. Tanner then requested an administrative review of the hearing officer's decision. *See* former Tex. Gov't Code § 531.019(g)

---

[1] Tanner also appeared pro se in the proceedings below.

(Administrative and Judicial Review of Certain Decisions)[2]; *see* 1 Tex. Admin. Code § 357.703(b) (explaining process for administrative review). On February 29, 2024, the reviewing attorney designated by the Commission upheld the hearing officer's order. *See* 1 Tex. Admin Code § 357.703(b)(5) ("When an administrative review is conducted, the attorney makes the final decision for the HHS system agency and its designees.").

Tanner then sought judicial review of the reviewing attorney's final decision in Travis County district court. *See* Tex. Gov't Code § 531.019(g) (providing that judicial review "is instituted by filing a petition with the district court, as provided by Subchapter G, Chapter 2001"). In response, the HHSC Parties filed a plea to the jurisdiction, arguing in part that Tanner had filed her petition more than 30 days after she was notified of the reviewing attorney's final decision and, therefore, she had failed to invoke the district court's jurisdiction. *See id.* § 2001.176(a) (requiring petition for judicial review to be filed "not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable"); *id.* § 531.019(e) (stating that decision is final and appealable on date that "hearing officer . . . reaches a final decision . . . [and] the appropriate attorney completes an administrative review of the decision and notifies the applicant or recipient in writing of the result of that review").

At the hearing on the plea, the HHSC Parties offered the administrative record into evidence, which included a copy of the reviewing attorney's final decision. Tanner did not present any evidence. At the conclusion of the hearing, the district

---

[2] Although Texas Government Code Section 531.019 has since been repealed, it was in effect when the district court dismissed Tanner's suit and governs this dispute. *See* Act of May 17, 2023, 88th Leg., R.S., ch. 769, § 3.01(2), 2023 Tex. Gen. Laws 2013, 2369 (partially recodified at Texas Government Code §§ 545.0151–.0154). For purposes of this opinion, all citations to Section 531.019 refer to the now repealed statute.

court judge announced that Tanner's petition was untimely, granted the plea to the jurisdiction, and dismissed her suit.

Later that same day, Tanner filed a motion to reinstate, asserting that she had complied with the 30-day filing deadline because she had electronically "submitted" a petition for review to the Travis County district court clerk's e-filing system before the deadline. The following day, the district court signed a final judgment granting the HHSC Parties' plea to the jurisdiction and dismissing Tanner's suit with prejudice. Tanner subsequently filed a motion for reconsideration, which included the same arguments as her motion to reinstate. Tanner did not request a hearing on either her motion to reinstate or her motion for reconsideration. The next day, she filed a notice of appeal.

## STANDARD OF REVIEW

"A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). We review a trial court's ruling on a plea to the jurisdiction de novo. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021). A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Texas Dep't of Transp. v. Self*, 690 S.W.3d 12, 19 (Tex. 2024). When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Texas Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). When a plea to the jurisdiction challenges the existence of jurisdictional facts, we look beyond the pleading and consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *Farmers Texas Cnty. Mut. Ins. v. Beasley*,

4

598 S.W.3d 237, 241 (Tex. 2020).

## ANALYSIS

In her first issue on appeal, Tanner argues that the district court erred in granting the HHSC Parties' plea to the jurisdiction because the evidence establishes that she filed her petition within 30 days of the reviewing attorney's decision becoming final and appealable.

Under Section 2001.176(a) of the Texas Government Code, a petition for judicial review must be filed "not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable." Tex. Gov't Code § 2001.176(a). A decision by a hearing officer related to public-assistance benefits, including TANF benefits, is "final and appealable" when, after a hearing, the hearing officer "reaches a final decision related to the [applicant's] benefits" and the reviewing attorney "completes an administrative review of the decision and notifies the applicant or recipient in writing of the results of that review." *Id.* § 531.019(e). Compliance with Section 2001.176(a)'s 30-day filing deadline is a statutory prerequisite to suit and a jurisdictional requirement. *See id.* § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity."); *see also City of Madisonville v. Sims*, 620 S.W.3d 375, 379 (Tex. 2020) (holding that compliance with Texas Whistleblower Act's 90-day filing deadline is "a jurisdictional statutory prerequisite to suit").

Here, the administrative record, which was admitted into evidence at the hearing on the plea, shows that the reviewing attorney completed her administrative review of the hearing officer's decision and notified Tanner, via email, of the results of that review on February 29, 2024. Based on that date, to invoke the district court's subject-matter jurisdiction, Tanner had until March 30, 2024, to file her petition for review. *See* Tex. Gov't Code § 2001.176(a). Tanner's timestamped petition,

5

however, establishes that she did not file her petition until May 13, 2024, 44 days late.[3] *See Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 103–04 (Tex. App.—Dallas 2006, pet. denied) (noting that timestamp is "prima facie evidence of the date of filing" (citing *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 371–72 (Tex. 1990) (per curiam))).

Nevertheless, Tanner argues that the district court erred in dismissing her suit because, in her view, the evidence shows that she "submitted" her petition before the March 30, 2024, deadline. In support of this argument, Tanner relies on e-mail correspondence with the district court clerk, which she attached to both her motion to reinstate and her motion for reconsideration. According to the correspondence, Tanner attempted to electronically file her petition on March 29, 2024, but the district court clerk rejected and returned the petition for corrections and refiling. Liberally construed, Tanner's argument is that the evidence shows that she attempted to file her petition on March 29 and that for purposes of determining compliance with Section 2001.176(a)'s filing deadline, her May 13 filing should relate back to that date.

Although we are sympathetic to Tanner's argument, we need not decide whether, as a legal proposition, a submitted but unfiled petition could, under any circumstances, be considered timely under Section 2001.176(a), because Tanner never presented this argument to the trial court prior to its jurisdictional ruling. In reviewing a ruling on a plea to the jurisdiction, we cannot consider evidence that was not before the trial court at the time it made its ruling. *See Univ. of Texas v.*

---

[3] At the hearing on the plea to the jurisdiction, Tanner stated that she was unable to file her petition earlier because she was homeless and did not receive actual notice of the reviewing attorney's final decision until March 19, 2024, when she accessed her email. We need not decide whether the reviewing attorney's final decision became final and appealable when Tanner received actual notice of it rather than when the reviewing attorney sent her email, because Tanner's petition would still be untimely even if the deadline for filing her petition did not begin to run until March 19.

*Morris*, 344 S.W.2d 426, 429 (Tex. 1961) (noting that an abuse of discretion is generally determined from record and circumstances existing at time of trial court's decision); *In re C.J.S.*, 702 S.W.3d 573, 591–92 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (holding that appellate court conducting de novo review of trial court's ruling on a plea to the jurisdiction "may consider only those facts that were before the trial court when it made its jurisdictional ruling"). Here, the district court orally rendered judgment dismissing Tanner's suit at the conclusion of the hearing on the HHSC Parties' plea to the jurisdiction. *See Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002) ("[A] judgment is rendered when the decision is officially announced in open court . . . ."). Tanner, however, did not offer any evidence of her March 29 attempted filing at that hearing.

Although we liberally construe pro se briefs, pro se litigants are held to the same standards and rules as litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Otherwise, pro se litigants would be given an unfair advantage over litigants represented by counsel. *Id.* at 185. Therefore, for us to consider the documents attached to her post-judgment motions, Tanner, like other litigants, needed to present that evidence to the district court before it dismissed her case. *See Morris*, 344 S.W.2d at 429. Because she did not, we cannot consider that evidence in determining whether the district court's jurisdictional ruling is supported by sufficient evidence.[4] *See In re M–I L.L.C.*, 505

---

[4] We do not construe Tanner's briefs as arguing that the district court abused its discretion in failing to rule on her motion for reconsideration. But that argument would fail even if we construed her briefs as raising it, because there is no evidence that she attempted to present and obtain a hearing on the motion before it was overruled by operation of law, or that she used diligence in attempting to do so. *See Capitol State Mortg. Corp. v. Northstar Mortg. Corp.*, No. 05-04-01140-CV, 2006 WL 531278, at *1 (Tex. App.—Dallas Mar. 6, 2006, no pet.) (mem. op.) (citing *Fluty v. Simmons Co.*, 835 S.W.2d 664, 668 (Tex. App.—Dallas 1992, no writ)). Without such a showing, "the trial court does not abuse its discretion by refusing to entertain the motion during the court's remaining plenary power." *Weiss v. JPMorgan Chase Bank, N.A.*, No. 05-06-00940-CV, 2007 WL 2069627, at *2 (Tex. App.—Dallas July 20, 2007, pet. denied) (mem. op.) (citing *Fluty*, 835 S.W.2d at 666).

S.W.3d 569, 574 (Tex. 2016) ("In determining whether a trial court abused its discretion, a reviewing court is generally bound by the record before the trial court at the time its decision was made." (citing *Morris*, 344 S.W.2d at 429)); *Perry Homes v. Cull*, 258 S.W.3d 580, 596 n.89 (Tex. 2008) ("Because we limit our review to the record before the trial judge, we do not consider the Defendants' additional seven volumes of discovery exhibits filed after the arbitration award."); *Maximum Med. Improvement, Inc. v. Cnty. of Dallas*, 272 S.W.3d 832, 834 n.3 (Tex. App.—Dallas 2008, no pet.) (holding that reviewing court "will only consider the evidence before the trial court when it rendered its judgment"). Based on the undisputed evidence that was before the district court at the time of its jurisdictional ruling, we conclude that sufficient evidence supports the district court's determination that Tanner's petition was untimely under Section 2001.176(a).

The district court did not err in concluding that it lacked jurisdiction over Tanner's suit for judicial review and in granting the HHSC parties' plea to the jurisdiction. Therefore, we overrule Tanner's first issue on appeal.[5]

## CONCLUSION

We affirm the trial court's judgment dismissing Tanner's suit for lack of jurisdiction.

/s/ Scott K. Field _____
Scott K. Field
Justice

---

[5] In her remaining issues on appeal, Tanner asserts that (1) the HHSC Parties violated her constitutional due-process rights in denying her TANF application; (2) the HHSC Parties lack sovereign immunity; (3) the HHSC Parties used incorrect grant calculations in determining her TANF eligibility; (4) HHSC failed to update its rules to reflect current poverty guidelines; and (5) the HHSC Parties disregarded applicable legal provisions during the administrative hearing process. Because we affirm the trial court's dismissal of Tanner's suit on jurisdictional grounds, we decline to address Tanner's remaining issues, all of which concern the merits of her claims.

Panel consists of Chief Justice Brister and Justices Field and Farris.