

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00817-CV

Christopher Ray **CARPENTER,**
Appellant

**v.**

Catherine **CARPENTER,**
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CI-11332
Honorable Nicole Garza, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Lori Massey Brissette, Justice
Adrian Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: April 8, 2026

REVERSED AND REMANDED

This case involves a default judgment taken in a divorce proceeding involving both property issues and the conservatorship, possession of, and access to a child of the marriage. We reverse the default judgment and remand the matter for further proceedings in accordance with our opinion.

BACKGROUND

After filing an Original Petition for Divorce in May of 2024, Catherine Carpenter amended her pleading twice, serving her Second Amended Original Petition on her husband, Christopher Ray Carpenter, on July 2, 2024. On August 21, 2024, Catherine took a no answer default judgment against Christopher.

In the default judgment, the trial court appointed both parents as joint managing conservators of the couple's twelve-year-old child [C.C.][1], but gave Catherine exclusive rights to designate the primary residence of the child and to make decisions regarding invasive medical procedures, psychiatric treatment, and education. The trial court limited Christopher's access to supervised visitation, awarded Catherine $1,850.00 per month in child support and $500 per month in spousal support, divested Christopher of any interest in the marital home, issued a permanent injunction against Christopher, and awarded Catherine $5,000 in attorney's fees.

Christopher filed an Answer to the proceedings on August 29, 2024. On September 20, 2024, Christopher filed a Motion to Modify or Reform the Judgment or, Alternatively, Motion for New Trial. Attached to his motion were the affidavits of Christopher and his attorney, Raymond Vale, which taken together aver that Christopher emailed the petition to his attorney and was not aware that his attorney had not received it until he received notice of the judgment.

Christopher's motion was set for hearing on October 25, 2024, but the setting was dropped because Catherine's counsel had a vacation notice on file. As a result, the motion was overruled by operation of law. Christopher then filed a Motion to Reconsider and set it for hearing on

---

[1] The couple also have an older child who is not the subject of the trial court's order.

November 20, 2024. Catherine objected to the hearing. The trial court took the matter by submission and denied the motion. Christopher now appeals.

In his appeal, Christopher presents three issues. First, he contends the trial court abused its discretion in denying his Motion to Modify or Reform the Judgment or, Alternatively, Motion for New Trial. Second, he contends the evidence presented by Catherine is insufficient to support the entry of a default judgment. Finally, he asserts the trial court abused its discretion in divesting him of his equitable interest in the marital home in lieu of retroactive child support. Because we find the trial court abused its discretion in refusing to grant Christopher's Motion for New Trial, we reverse and remand for further proceedings.

## THE TRIAL COURT'S DECISION IS REVIEWABLE

Catherine contends that we should not consider Christopher's assertion that the trial court abused its discretion in denying his post-judgment motion because he failed to set it for hearing, citing *Fluty v. Simmons Co.*, 835 S.W.2d 664 (Tex. App.—Dallas 1992, no pet.). In *Fluty*, the court held the movant waived error by not presenting the motion for hearing and allowing it to be overruled by operation of law. *Id.* at 668. The court made it clear its decision was based on the principle that a motion to set aside a default judgment is one that requires that evidence be heard. *Id.* at 667; *see also Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 357 (Tex. App.—Dallas 1985, no writ).

But, the Austin Court of Appeals refused to follow the reasoning of our Dallas sister court, precisely because an evidentiary hearing is not required to determine a motion to set aside a default judgment. *Limestone Const., Inc. v. Summit Commercial Indus. Properties, Inc.*, 143 S.W.3d 538, 546 (Tex. App.—Austin 2004, no pet.) *citing Smith v. Holmes*, 53 S.W.3d 815, 817–18 (Tex. App.—Austin 2001, pet. denied). It held it was, in fact, the non-movant's burden to request an

evidentiary hearing and that, when the non-movant does not controvert the evidence presented in the motion, the trial court should rule based on the factual assertions made in the motion and supporting affidavits. *Id.* at 546; *see also Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984) ("Where factual allegations in a movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense. It is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct.").

While we can understand the Dallas court's hesitation to hold a trial court abused its discretion when it, in fact, was not given the opportunity to use it, we need not decide the issue in this case. Here, Christopher did seek to set a hearing on his motion, both before the motion was overruled by operation of law and after. In fact, after his first setting was dropped due to opposing counsel's vacation letter and while the trial court still had plenary power, Christopher asked the trial court to reconsider his original motion for new trial. The trial court decided to take the motion by submission and subsequently denied it. Thus, the trial court was given the opportunity to rule on the merits and exercised its discretion in doing so. For that reason, we hold no waiver resulted and we must review the trial court's decision. *See Continental Carbon Co. v. Sea–Land Serv., Inc.,* 27 S.W.3d 184, 188 (Tex. App.—Dallas 2000, pet. denied) (finding no waiver where plaintiff twice obtained hearing dates that were postponed at request of defendant before new trial motion was overruled by operation of law).

### DENIAL OF MOTION TO SET ASIDE DEFAULT JUDGMENT

"Default judgments are 'greatly disfavor[ed]' under Texas law, consistent with the strong policy preference for adjudicating cases on the merits." *Tabakman v. Tabakman*, 728 S.W.3d 703, 707 (Tex. 2025), reh'g denied (Feb. 27, 2026); *see also In re Lakeside Resort JV, LLC*, 689 S.W.3d

916, 921, 925 (Tex. 2024). We review a trial court's refusal to grant a motion for new trial for abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (per curiam). A trial court has no discretion but to grant a motion for new trial if all of the elements set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939) are satisfied. *Id.* at 926 (citing *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994) (per curiam)). Those elements are satisfied if the movant establishes that (1) the defendant's failure to answer was not intentional or the result of conscious indifference but was due to accident or mistake, (2) the defendant has a meritorious defense, and (3) granting the motion will not cause delay or otherwise work an injury to the plaintiff. *Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012) (citing *Craddock*, 133 S.W.2d at 126).

"Where factual allegations in a movant's affidavits are uncontroverted, it is sufficient that the motion for new trial and accompanying affidavits set forth facts which, if true, would satisfy the *Craddock* test." *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992); *see also Sutherland*, 376 S.W.3d at 755. And, finally, "*any* doubts about a default judgment—not just doubts about service—'must be resolved against the party who secured the default.'" *Tabakman*, 728 S.W.3d at 708 (quoting *Lakeside Resort*, 689 S.W.3d at 922) (emphasis in original).

**Conscious Indifference**

Here, Christopher's affidavit in support of his motion for new trial stated:

> As for the failure to provide a written response to this suit, it was due to a mistake or accident. I do acknowledge being served with the suit, and I emailed a copy of the document to my attorney. However, it is my understanding that there was an issue with my attorney receiving the email, and therefore, the response was delayed.

Because Christopher's affidavit raised the question of his attorney's actions, it was incumbent on him to establish that both he and his attorney acted free of conscious indifference. *Heine*, 835

S.W.2d at 83. His attorney, therefore, also supported the motion for new trial by stating in his affidavit:

> Due to problem our [sic] electronic email account, our firm did not receive the documentation that Mr. Carpenter attempted to send to us by email. Despite conducting a search of both inbox and spam box, the documentation Mr. Carpenter sent got lost, and therefore, we were not aware that he had been formally served with the pending divorce action.
>
> It was not until Mr. Carpenter received a notice of judgment that he became aware that his email was not received by our firm. At the same time, we were not aware an answer was due until after the judgment notice was received by our client. Had we been aware that an answer was due, it would have been filed in a timely manner as there were issues with possession and access, spousal support, and the allocation of attorney's fees costs that were likely to be contested and are the subject of the motion for reconsideration of judgment and/or new trial that has been filed with the Court.

By these affidavits, which we must take as true since they were not controverted, Christopher satisfied the first element of *Craddock*. *See Hidalgo Cnty. Emergency Serv. Found. v. Mejia*, No. 13-16-00576-CV, 2018 WL 2731881, at \*5 (Tex. App.—Corpus Christi–Edinburg June 7, 2018, pet. denied) (finding no conscious indifference where email sent to adjuster who had left company and new adjuster never found email in system). "[S]ome excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *Sutherland*, 376 S.W.3d at 755 (quoting *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006); *see also Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 576 (Tex. 2006) (movant negated conscious indifference by establishing service papers were lost); *Scott*, 873 S.W.2d at 382 (per curiam) (misplaced citation due to inadvertent transfer of files); *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984) (secretary was told to mail documents but thought defendant had already done so). "The controlling fact is the 'absence of an intentional failure to answer rather than a real excuse for not answering.'" *Tabakman*, *Tabakman*,

728 S.W.3d at 708 (quoting *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012)).

**Other *Craddock* Elements**

Christopher's affidavit also set forth meritorious defenses to the various aspects of the Final Decree of Divorce and establishes that Catherine will not be prejudiced by a new trial.[2] With regard to a meritorious defense, Christopher needed only to "set up" a defense, alleging facts which in law would constitute a defense to Catherine's claims. Here, he provided facts that could negate the need for supervised visitation, a permanent injunction, and spousal maintenance. Relating to the third prong, Christopher established that the issue of custody and possession can be relitigated and that it serves both parties' interests to have the matter finally resolved here instead of starting anew. We agree.

**CONCLUSION**

Because we find that Christopher's motion established the *Craddock* elements, the trial court abused its discretion in refusing to grant a new trial.

Lori Massey Brissette, Justice

---

[2] Christopher presents issues relating to the sufficiency of the evidence which, if taken well by this Court, would likewise result in reversal. *See Matter of Marriage of Williams*, 646 S.W.3d 542, 544–45 (Tex. 2022). Specifically, he points to the lack of any foundation for back child support and future spousal support, the lack of any inventory or appraisal or valuation of the community assets to determine an equitable division of the marital estate, the lack of evidence supporting the imposition of supervised visitation, the lack of evidence supporting the imposition of a permanent injunction, and the lack of evidence supporting the award of attorney's fees. Given these issues, this case demonstrates why this court has applied the *Craddock* elements liberally, particularly in suits affecting a parent-child relationship. *See Sexton v. Sexton*, 737 S.W.2d 131, 133 (Tex. App.—San Antonio 1987, no writ) ("Courts should exercise liberality in favor of a defaulting party. . . in passing on a motion for new trial. . . particularly [] in suits affecting the parent-child relationship. The extremely important decision of a trial court to change a managing conservatorship should not be made casually based on the procedural advantage of one of the parties.").